## GUSTAVE HOFFMAN v. F. BLUME.

### (Case No. 5485.)

1. LIS PENDENS — FORCIBLE DETAINER — POSSESSION — INNOCENT PURCHASER.— A vendor after giving an absolute deed, which was recorded, remained on the land as tenant of his vendee; the vendee sold the land to a third party, and the original vendor claimed that, though he gave a deed absolute in form, it was in reality a security for debt, and that the third party was chargeable with constructive notice of his claim, because at the time of his purchase, a suit for possession was pending in a justice's court in favor of the original vendee, against the original vendor. *Held:*

(1) That *lis pendens* is constructive notice of that only which is involved in the litigation; that in an action of forcible detainer for the possession of land, by a landlord against a tenant, for failing to pay rent, no question of title could have been adjudicated, and hence such a suit could not charge third parties with notice of an assertion of title by the tenant inconsistent with his absolute recorded deed.

(2) That the vendor's possession as tenant of his vendee was entirely consistent with his deed to the latter, and would not constitute notice of any assertion of right to the land inconsistent with his conveyance. Following Eylar *v.* Eylar, 60 Tex., 315.

(3) That if the third party purchased with notice of the tenant's asserted rights, he would simply occupy the position of his vendor; if, in addition, the first deed was on its face a mere security for debt, the third party's only remedy, if chargeable with notice, would be a foreclosure of the lien; but if it was a conditional sale, and the vendor forfeited his right to repurchase, the third party was entitled to the property. If the vendor had not lost the right to repurchase, he was entitled to hold the land by tendering the amount agreed upon for repurchase. If the third party was an innocent purchaser for value without notice, he was entitled to the land free from incumbrances.

APPEAL from Comal.   Tried below before the Hon. T. M. Paschal.

On May 11, 1884, Hoffman brought this suit of trespass to try title against Blume, to recover the tract of land described in the petition.

June 6, 1884, Blume answered by plea of not guilty.

Hoffman claimed title as follows:

1st. Deed from Dolle and wife to Blume, dated June 3, 1882.

2d. Deed from Blume to Behusch, dated July 1, 1882.

3d. Deed from Behusch to Hoffman, dated April 7, 1884.

Blume claimed that the deed from himself to Behusch, though absolute in form, was a mortgage or trust to secure a debt, and that Hoffman had notice of the fact.

December 6, 1884, the cause was tried, verdict returned and judgment rendered for Blume.

The material questions are sufficiently indicated in the opinion.

*Hutchison & Franklin*, for appellant.

*J. D. Guinn*, for appellee, cited: McClenny v. Floyd, 10 Tex., 159; Loving v. Milliken, 59 Tex., 423; W. & W. Con. Rep., § 365; P. D. D., vol. 3, 18481, 18475 and 18465-9, etc.; Mann v. Falcon, 25 Tex., 271; Chambers v. Bonner, 33 Tex., 511; McKamey v. Thorp, 61 Tex., 648; Franklin v. Hurlbut, W. & W. Con. Rep., § 816; Addison on Contracts, vol. 1, §§ 200–204, 216 and 219; Watkins v. Edwards, 23 Tex., 443; Wethered v. Boon, 17 Tex., 143; 60 Tex., 319, and authorities cited; W. Con. Rep., 390.

WATTS, J. COM. APP.— This cause was submitted to the jury upon the theory that the evidence tended to show that the deed from Blume to Behusch, although absolute in form, was in fact a security for debt, and that Hoffman purchased with notice of such fact.

But considering the evidence in the most favorable light for Blume, it seems to us to admit of no doubt that the real transaction was a conditional sale. Blume does not pretend that the relation of creditor and debtor existed between him and Behusch after the execution of the deed, or that such relation ever existed as between them. There was no existing debt against Blume created by the transaction. And the evidence, most favorably considered for Blume, shows that he had the right to repurchase the property, at any time within four years from the sale, by paying an amount agreed upon by the parties.

Blume's deed to Behusch was upon record and was by its terms an absolute conveyance, containing no conditions, limitations or restrictions whatever. Besides, he was then in possession of the property as the tenant of Behusch; and it was under these circumstances that Hoffman purchased the land from Behusch and took his conveyance for the same. However, Blume claimed that Hoffman was chargeable with constructive notice of his claim, because at the time he purchased the land a suit was pending in justice court in favor of

Behusch and against Blume for the possession. And it may be assumed from the verdict returned, that the jury found Hoffman chargeable with such constructive notice.

*Lis pendens* is only constructive notice of that which is involved in the litigation. Freeman on Judgments, § 198.

Conceding that Hoffman is chargeable with notice of the suit pending in the justice court at the time of the purchase, the question would then arise, as to the extent of that notice, and its effect upon his rights. It was an action of "*forcible detainer*" under the statute for the possession of land, by the landlord against the tenant, for failing to pay the rent according to the terms of the lease. No question of title was or could have been adjudicated in that suit, and it as certainly follows, that appellant was not, by reason thereof, chargeable with notice of any assertion of title by Blume inconsistent with his deed to Behusch, then of record.

Blume's possession as the tenant of Behusch was entirely consistent with his deed to the latter, and such possession would not constitute notice of any assertion of right to the land, inconsistent with his conveyance. Eylar *v.* Eylar, 60 Tex., 317.

If upon another trial it should be shown that Hoffman purchased with notice of Blume's asserted rights, then he would simply occupy, with reference to the matter, the position occupied by his vendor, Behusch. Then if it is further shown that the transaction between Behusch and Blume was in fact a mortgage, that is, a security for debt, appellant's only remedy would be a foreclosure of the lien. But if, as now appears, it was a conditional sale, and Blume had forfeited his right to repurchase by a failure to pay rent as claimed, then appellant would be entitled to recover the property. And if Blume has not lost the right to repurchase, he would be entitled to hold the land by tendering the amount agreed upon between him and Behusch.

However, if Hoffman was an innocent purchaser for value, that is, if he paid value, relying upon Blume's deed to Behusch, and without notice of the claim now asserted by Blume, he would be entitled to a judgment for the land.

Our conclusion is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted June 5, 1885.]