## WILDSCHEUTZ v. LEE.　(No. 7523.)

(Court of Civil Appeals of Texas. San Antonio.　March 10, 1926.)

**1. Landlord and tenant ⊙⟶118(2), 120(1)—Agreement that one might rent place as long as he wanted it created tenancy at will terminable at end of any crop year.**

Agreement by owner of place that defendant could rent it as long as he wanted to created mere tenancy at will, terminable by defendant at his own will or convenience, and hence terminable by owner at end of any crop year.

**2. Landlord and tenant ⊙⟶120(2)—Notice to vacate, given by filing suit on September 1st, was sufficient to terminate the tenancy at will at end of crop year, November 1st.**

Notice to vacate, given by filing suit on September 1st to remove the cloud arising from tenant's claim of lease for succeeding year and for judgment for possession, was sufficient to terminate the lease at the end of the crop year, November 1st, where tenancy was at will.

Appeal from District Court, San Patricio County; T. M. Cox, Judge.

Suit by August Wildscheutz against W. L. Lee. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

Jas. G. Cook, of Sinton, for appellant.
J. C. Russell, of Sinton, for appellee.

SMITH, J. Appellant owns a farm in San Patricio county, which he rented out to appellee from year to year, for several years prior to the crop year of 1925–1926. In September, 1925, appellant brought suit against appellee, alleging that the latter was in possession of the premises, and claiming the right to continue in such possession for another year under a rental or lease contract for the 1925–1926 crop season, beginning November 1, 1925, and ending November 1, 1926. Appellant alleged that he was the owner of the land; that he had not leased, or agreed to lease, it to appellee for the approaching year, and was entitled to possession at the end of the then current year, and that appellee's possession and claim constituted a cloud and incumbrance upon appellant's title. Appellant prayed for removal of the cloud, and for possession after November 1st, following the filing of the suit.

Appellee defended upon the ground that he was entitled to future possession under a rental contract entered into on June 1, 1925, by the terms of which he had rented the premises from appellant for the crop year beginning November 1, 1925, and ending November 1, 1926. He prayed for judgment decreeing the right of possession to him during that period. The jury found that this contract was made by the parties as alleged by appellee.

Appellee and his wife testified to the facts evidencing the agreement upon which appellee relies. Their testimony was that in June, 1925, appellant agreed to let appellee have the place as long as he (appellee) wanted it, or as long as appellant owned it, or until appellee was able to buy a farm for himself. There was no testimony in the case that appellant agreed to rent the place to appellee for the crop year of 1925–1926, or for any specific period. The only promise shown to have been made by appellant was that appellee could have the place as long as he wanted to rent it. Appellant vigorously denied making any agreement to renew the lease for any period or purpose after the end of the 1924–1925 season, and his testimony is strengthened by the testimony of appellee and his wife that they had numerous quarrels with appellant during the 1924–1925 season.

[1] From the foregoing statement it will be observed that the agreement testified to by appellee was not the agreement alleged in his petition, nor was it the agreement found by the jury to have been made between the parties. Moreover, their testimony, if true, established a mere tenancy at will, which did not bind the tenant, was not enforceable against him, and was terminable by him at his own will or convenience. This being the case, the lease was likewise terminable at the will of the landlord at the end of any crop year. 35 C. J. 1123; Lea v. Hernandez, 10 Tex. 137; Hill v. Hunter (Tex. Civ. App.) 157 S. W. 252; Norman v. Morehouse (Tex. Civ. App.) 243 S. W. 1104; Beauchamp v. Runnels, 79 S. W. 1105, 35 Tex. Civ. App. 212, Pet. Co. v. Oliver (Tex. Civ. App.) 79 S. W. 884.

---

[2] Regardless of what may have gone before, the notice to vacate given appellee by the filing of this suit on September 1, 1925, was sufficient to terminate the lease at the end of the crop year, November 1st, and the facts being clear, full, and definite, the trial court should have directed a verdict for appellant.

The judgment is reversed, and judgment here rendered that appellant recover of appellee the possession of the premises in controversy, and all costs.