### BAINES et ux v. CLINTON PARK DEVELOPMENT CO.

No. 12119.

Court of Civil Appeals of Texas. Galveston.

Nov. 10, 1949.

Rehearing Denied Dec. 8, 1949.

Aaron Goldfarb, of Houston, for appellants.

S. P. Wunsch, of Houston, for appellee.

CODY, Justice.

The appellants, husband and wife, by a contract dated February 19, 1942, bound themselves to purchase from appellee, for the sum of $2,700, Lot 20, Block 17, Clinton Park Addition to the City of Houston, together with the improvements thereon,— the cash down payment was less than ten per cent of the purchase price, and the balance of the purchase price was to be paid in weekly payments, though in practice, and by mutual consent, such payments were made in semi-monthly installments. The contract provided that time was of the essence. The contract further provided that if appellants failed to make any payments when due, that appellee could cancel the contract and forfeit the payments which had been made thereunder.

Over the years, appellants have made numerous payments, the amount of which has not been totaled by the parties, but such amount is obviously a substantial sum. However, it is not disputed that appellants were delinquent in their payments about the

middle of February, 1948, though the amount of such delinquency is in dispute. As we understand the different versions (which are not clearly presented, at least by appellants), appellants were in default at said time in the sum of one semi-monthly installment; whereas appellee asserts that appellants were then three months behind in their payments. In any case, appellee undertook to cancel the contract, forfeit the payments made thereunder during the course of the years, and instituted forcible detainer proceedings against appellants in a justice court of Harris County.

The undisputed evidence shows that appellant, Fred Baines, appeared in said justice court on March 2, 1948, in response to the citation issued in the detainer proceedings, but that appellee failed to appear by attorney or otherwise, and that the proceedings were by the court passed to a future day. The evidence further shows that on March 2, 1948, appellant, Fred Baines paid over to the Justice of the Peace the sum of $43.00,—there then being due, according to Baines' version, the sum of $42.-24, or payments covering the months of February and March of 1948. Said sum of $43 was by the Justice of the Peace paid over to appellee's attorney, handling the case, and said sum was by said attorney accepted.

Without further notice to appellants, judgment was entered in said detainer proceedings, and on April 1, 1948, a writ of restitution was issued in said proceedings and appellants were ousted in early April, 1948. No appeal was taken by appellants from the judgment in the justice court to the county court at law, and it became final. But on April 22, 1948, appellants filed in a district court of Harris County what they here designate as a petition to reinstate the contract. In their petition appellants allege that they had regained possession of the premises, and in their petition sought a temporary injunction to protect said possession. Further, appellants alleged in their petition their title and estate in the land in virtue of their contract of purchase with appellee, and alleged the payments which they had made under said contract, and set forth in their petition the credits which appellee admitted appellants were entitled to. Appellants also alleged the detainer proceedings in the justice court, and alleged that judgment was taken therein on March 5, 1948, and that appellants were forced off of said premises in obedience to the writ of restitution issued under said judgment. Appellants also alleged the aforesaid payment to the Justice of the Peace of the $43 on March 2, 1948, and alleged its payment by said justice to appellee, and alleged that appellee, by accepting the $43, "waived any right to the possession to which defendant may have been entitled and reinstated the contract and could not sue for rescission thereof by forcible detainer action or otherwise". By their said suit appellants tendered payment of any sum in which they were delinquent, and asked to have the court to declare that the contract was reinstated.

The position taken by appellee in its answer to appellants' aforesaid petition is sufficiently reflected by the judgment rendered by the court in this case. At the conclusion of appellants' (plaintiffs') evidence, appellee moved for an instructed verdict. Said motion has not been brought up, but it does appear from the judgment that the motion for directed verdict was filed, and was by the court granted for the reason "that this court has no authority to declare a forcible detainer proceedings, tried in a Harris County Justice Court to be null and void for the purpose of restoring peaceful possession to plaintiffs of the house in which they were living; and further that plaintiffs' petition to this court for relief is inadequate, and the evidence presented is inadequate to support any other relief to which plaintiffs (sic) may feel entitled".

Appellants predicate their appeal upon two points which, for brevity's sake, we have edited and here set forth as a single point, namely: Appellants' evidence was sufficient to raise the issue that by accepting the payment of the $43, appellee had waived any right to then cancel the contract and forfeit the payments made thereunder.

The only issue that could be determined between appellants and appellee in the detainer proceedings was the right to actual possession. The merits of the title could not be impaired into. Rule 746, Texas

Rules of Civil Procedure; Hoffman v. Blume, 64 Tex. 334; and in House v. Reavis, 89 Tex. 626, 634, 35 S.W. 1063, 1066, our supreme court stated that the object of the legislature in enacting the law of forcible entry and detainer was to provide a summary method "by which the party who was ousted from the possession of lands might be restored to the actual possession". Such summary proceedings is ended in the county court, if it is appealed from the justice court, " * * * but it was not intended that such final judgment by the county court should conclude the parties except as to the subject of the litigation, which was, by the terms of article 2529 [now Rule 746], the right of actual possession". Id.

 The contract of sale vested in appellants, subject to its terms, the right to pay off the purchase price, and acquire the fee simple title free of any interest in appellee. In this case, the contract of sale by its very terms provided that, in the event that appellants failed to make payments promptly (and time was made of the essence), the appellee could annul the contract, and retain the purchase money that had been paid on it by appellants, and recover possession of the premises. Such a contract is not unlawful. 43 Tex.Jur. p. 345 et seq. But, of course, the law looks with disfavor upon a forfeiture in connection with a contract for the sale of land. Id. p. 347. And it is settled that "the vendor may lose or waive his right to claim a forfeiture for a default of the purchaser". Id. p. 349. The right may be waived "by conduct on the part of the vendor in affirmance of the contract and indicating that he regards it as still subsisting, notwithstanding a default by the purchaser * * *". Id. 350.

Had appellee consummated its cancellation of the contract, and forfeiture of the payments made thereunder, the title to the land would have reverted to appellee, and been divested out of appellants, and this without the aid of any court action. The evidence, if it was not sufficient to compel the conclusion that appellee had waived its right to cancel the contract at the time, at least presented a jury question of waiver. The parties have not discussed whether the justice court had jurisdiction, in a detainer proceeding, to grant the relief which appellants sought. But we have concluded that the question presented is not one of title to real estate, but a question of fact. We are therefore constrained to hold that the court did not err in granting the motion for a directed verdict because the action of the justice court necessarily determined the question of cancellation. So that, as to the fact of cancellation the judgment of the justice court was res adjudicata. Appellants failed to appeal to the county court. In view of the fact that the parties did not discuss this point upon original hearing, it may be that they will do so upon motion for rehearing.

Judgment is affirmed.