**O. W. DUBOSE, Appellant,**

v.

**Frances Georgia CURTIN, A Feme Sole, Appellee.**

No. 13600.

Court of Civil Appeals of Texas.

Houston.

July 21, 1960.

Motion for Rehearing Overruled Dec. 22, 1960.

Dillingham, Schleider & Lewis, John S. Brunson, Houston, for appellant.

Kennerly, Lesher & Eresch, A. C. Lesher, Jr., Hamblen & Hamblen, W. P. Hamblen, Jr., Houston, for appellee.

BELL, Chief Justice.

Appellant in 1947 entered into a contract of sale with appellee under the terms of which he agreed to purchase Lots Nos. 6 and 7 and the adjoining 25 x 100 feet of Lot No. 12, Block 501, in the City of Houston, out of the James Wells Survey, as shown by a plat filed for record by the Leeland Avenue Development Company on March 25, 1913 and recorded in Vol. 4, page 46, of the Map Records of Harris County, the property fronting 100 feet on Nagle Street and running back between parallel lines 125, more or less. Appellant was to pay $140 per month and taxes. It further provided that in case of default by appellant in making payments appellee at her option could appoint a trustee to sell the property, could specifically enforce the contract or could cancel the contract. If there was cancellation, the payments that had been made were to be forfeited as rental and liquidated damages for use of the property. It also provided that upon cancellation appellant would become the tenant at will of the appellee. These are all of the provisions we deem material to a disposition of this appeal.

The record shows without question that appellant was substantially in default on and prior to September, 1954. On September 15, 1954, appellee filed a suit in the Justice Court, Precinct 1 of Harris County, alleging appellant was forcibly detaining the property and sought possession. The complaint alleged prior demand had been made upon appellant for possession and that appellant was in default on the rental contract. On September 24, 1954, an agreed judgment was entered in favor of appellee adjudging that she was entitled to possession of the property, awarding her the right of restitution but by agreement, as recited in the judgment, a writ would not issue prior to January, 1955.

Appellant continued in possession of the property, he having taken possession under the contract in 1947, until September, 1955, when he was ousted under a writ of restitution issuing under the above mentioned judgment.

On August 2, 1957, nearly two years later, appellant filed suit in the District Court, by which he sought rescission of the contract and sought to recover all payments he had made and sought recovery for the cost of improvements he had made on the property. In the alternative he sought damages for breach of the contract by appellee. The basis of both theories of recovery was that there was an alleged failure of title to the 25 x 100 feet of Lot 12. Also, as an independent cause of action, appellant sought recovery of damages because his personal property, which was left on the premises when he was ousted in September, 1955, had been converted by appellee.

Appellee answered, denying the conversion and specifically setting up as a bar to the cause of action for rescission and damages the agreed judgment in the forcible detainer suit.

On trial, after appellant had rested his case, appellee moved the court to instruct the jury to return a verdict in favor of appellee. The motion was granted. The jury, on such instruction, returned a verdict for appellee and the court, on such verdict, rendered judgment that appellant take nothing.

We have reached the conclusion that the court was correct in so far as the instruction and subsequent judgment denied recovery rescinding the contract and alternatively for damages for breach of contract. However, we are also of the view that a fact issue was raised as to whether appellee was guilty of converting appellant's personal property, and this issue and a damage issue should have been submitted to the jury.

We find it unnecessary to pass on whether there was a failure of title, because we are of the view that the agreed judgment in the forcible detainer suit in the Justice Court had the legal effect of precluding

further inquiry into whether the contract of sale had been cancelled.

In the forcible detainer suit the right of appellee to possession was dependent on whether as a fact appellee had cancelled the contract of sale so as to make appellant her tenant at will. If she had, appellant became a tenant at will and appellee, after demand for possession, would be entitled to possession. Necessarily involved in the forcible detainer suit was the determination of whether there was cancellation of the contract and whether there has been the requisite demand for possession. The agreed judgment giving possession to appellee was necessarily a determination of these fact issues. The judgment became final. The issues may not be relitigated. Title was in no wise involved.

A case precisely in point is that of Baines et ux. v. Clinton Park Development Co., Tex.Civ.App., 224 S.W.2d 729, no writ history, decided by this Court. We deem it controlling. See also Young Women's Christian Association of Austin v. Hair, Tex.Civ.App., 165 S.W.2d 238, writ ref., w. m., and Slay v. Fugitt, Tex.Civ.App., 302 S.W.2d 698, n. r. a., for a discussion of the principles of law applicable.

Therefore, that part of the court's judgment denying recovery for rescission or damages for breach of contract is affirmed. This is an independent cause of action and may be and is severed from that part of the suit asserting a cause of action for conversion.

■ Appellee's position seems to be that there was no fact issue in the suit for conversion because appellant failed and refused to remove his personal property from the premises from January, 1955 until January, 1956, when he could have done so, and he therefore abandoned the property. Too, she seems to contend, since she never asserted any ownership to the property, there was no conversion.

Appellant testified he remained in the property until he was put off by the sheriff in September, 1955. He operated a junk yard and carried on his business until his ouster. He wasn't allowed to take anything with him but what he and the members of his family had on except some small items that were in his automobile. He further said he had, after his ouster, asked for his property but it was not made available to him. After his ouster he tried to go back on the property, but armed detectives hired by appellee would not let him. While appellant does not expressly state he wanted to go back so he could get his property, in the light of his whole testimony, such, we think, is a permissible inference for the jury to make. He says the detectives were there immediately after his ouster and while he does not specifically state how long they stayed, it may be reasonably inferred from his testimony that they remained there until after the personal property had been removed from the lots by the person to whom it had been given by the attorney for appellee.

■ This testimony evidences the absence of any abandonment by appellant because it shows the absence of any intent to abandon. It evidences continued assertion of ownership.

Mr. Curtin, the son of appellee and her agent, testified to repeated efforts made by appellee's attorney to get appellant to take his property, but appellant failed to move the property. Finally, after the attorney had tried to sell the property, since appellant would not move it, the attorney gave it to a person in order to get him to move it so Mrs. Curtin would not have to go to the expense of moving it. He denies that any detectives were employed until January, 1956, when the man to whom the property was given was moving it. They were hired for about two weeks. This was four months after appellant had been ousted.

This testimony is sufficient to raise a fact issue. The appellant testifies to facts which if true show a denial to him of his right to move his property. Mr. Curtin testifies to facts which if true would evi-

dence an abandonment by appellant. However, he also testifies to facts that would amount to a conversion if there was no abandonment. He testifies the attorney tried to sell the property and could not and then gave the property to a person to haul it off. This constitutes a wrongful assumption of dominion over the property inconsistent with the rights of the owner and is thus a conversion. 42 Tex.Jur., Sec. 12; Crawford v. Thomason, 53 Tex.Civ.App. 561, 117 S.W. 181, error ref.; Kilgore v. De Vault, Tex.Civ.App., 82 S.W.2d 1048, no writ hist.

The judgment of the trial court denying recovery on appellant's cause of action for conversion is reversed and remanded.

Affirmed in part and reversed and remanded in part.