GLAU–MOYA PARAPSYCHOLOGY TRAINING INSTITUTE, INC., Appellant,

v.

ROYAL LIFE INSURANCE COMPANY, Appellee.

No. 15270.

Court of Civil Appeals of Texas, San Antonio.

Oct. 10, 1973.

Jack Sims, Sims & Sims, Inc., San Antonio, for appellant.

James L. Branton, San Antonio, for appellee.

PER CURIAM.

Appellee has filed its motion to dismiss for want of jurisdiction this appeal from a judgment of the County Court at Law Number One of Bexar County awarding appellee the right to possession of certain premises in appellee's forcible entry and detainer suit. No damages were awarded.

Article 3992, Tex.Rev.Civ.Stat.Ann., provides that no appeal lies from a judgment of the county court in a forcible detainer suit unless the judgment awards damages in excess of $100. Pizanie v. Citizens Investment Company, 488 S.W.2d 803 (Tex. Civ.App.—Houston [14th Dist.] 1969, writ ref'd).

Appellant does not question this well settled rule, but urges that same is inapplicable because the county court here lacked jurisdiction. This contention is based on the venue provisions set forth in Section 8, Article 21.28–A, Insurance Code, Tex.Rev. Civ.Stat.Ann., V.A.T.S., which provides in part: "Except for causes of action based upon terms of an insurance policy . . . any suit filed against an insurance company or its conservator, after the entrance of an order by the Commissioner of Insurance placing such insurance company in conservatorship and while such order is in effect, shall be brought in a court of competent jurisdiction in Travis County, Texas, and not elsewhere." Further: "The conservator appointed hereunder for such company may file suit in any court of competent jurisdiction in Travis County, Texas . . . ."

It is undisputed that appellee was in conservatorship at the time of the trial, and such status has not changed. Irrespective of the waiver of the venue question by both parties in the trial court, the mandatory venue provision relied upon by appellant is not applicable in that this forcible detainer suit was filed *by* appellee and not *against* it. Cf. McFarling v. Cavender, 469 S.W.2d 478 (Tex.Civ.App.—Beaumont 1971, no writ). Although, under the permissive venue provision of Section 8, Article 21.-28–A, supra, the conservator might have filed suit at Travis County, it was not done in this case.

Since no appeal lies under the plain language of Article 3992, supra, appellee's motion to dismiss this appeal is granted and the same is hereby dismissed.