Mr. and Mrs. George A. BECK, Appellants,

v.

Mr. and Mrs. Harry MONSELL, Appellees.

No. 5285.

Court of Civil Appeals of Texas,
Waco.

Dec. 13, 1973.

881

John W. Key, Jr., Athens, for appellants.

W. Ted Minick, Dallas, for appellees.

HALL, Justice.

By written contract dated August 13, 1970, appellants agreed to purchase a house and lot in Corsicana from Mrs. Harry Monsell, appellee, for $7,500. The consideration was to be paid monthly over a period of many years. On March 28, 1972, a writ of restitution was issued in favor of appellees for the removal of appellants from the premises, following a forcible detainer action in Justice Court. The next day appellants filed this suit to enjoin their threatened dispossession by appellees. Appellees answered that they cancelled the contract and it was no longer effective because appellants had defaulted on their payments. By amendment of their pleadings on March 5, 1973, appellants dropped their plea for injunction and sought an order requiring appellees to execute a general warranty deed to appellants upon payment of the balance owing on the contract. On motion of appellees, summary judgment was rendered that appellants take nothing. We reverse and remand.

To entitle a movant to a summary judgment in a proceeding such as this, he must come forward with proper proof that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Sec. (c), Rule 166–A, Vernon's Texas Rules Civil Procedure;

Harrington v. Y.M.C.A. of Houston & Harris County, (Tex.Sup., 1970) 452 S.W. 2d 423, 425.

The contract provides for monthly payments of $63.38 for principal and interest, and additional monthly payments of $11.62 "or more" for taxes and insurance; and for delivery of a general warranty deed upon payment of the principal sum. Additionally, it provides: "If the purchasers shall become delinquent in the payment of monthly installments as above agreed to, and shall remain in default for as long as 60 days, then the seller may declare this contract at an end and shall be entitled to retain the payments previously made as rent and damages for breach of contract and shall be entitled to regain possession of said premises." Under the contract, title remains in the seller until payment in full of the purchase price.

On July 12, 1971, appellees sent a letter to appellants stating they were cancelling the contract that day because appellants were more than 60 days behind in their monthly payments, and demanding immediate possession of the property. Appellants received the letter on July 14, 1971.

In an affidavit supporting appellees' motion for judgment, Mrs. Monsell stated: "Through June 15, 1971, George A. Beck and wife had paid a total of $504.71 with the final payment being made on March 17, 1971. Through June 15, 1971, the total amount due . . . was $750.00. On July 15, 1971, another payment matured under the contract. At such time Mr. and Mrs. Beck were in arrears $320.29. On July 16, 1971, Mr. and Mrs. Beck made an additional payment of $75.00, which payment was treated as rent pursuant to the terms of said contract." She then recites the fact of the issuance of the writ of restitution for the removal of appellants from the premises. Uncertified copies of instruments which purport to be the writ and the judgment upon which it is based are attached to the affidavit.

Answering appellees' motion, appellants pleaded that they "have never been in default of the sales contract . . . for a period in excess of 60 days." This allegation was supported by Mr. Beck's affidavit. In addition, he stated in his affidavit that during the pendency of this suit appellants have tendered payment in full on the contract, but that appellees refuse to deliver a warranty deed.

■ Are appellants in default on the contract? This apparently critical question of fact is raised by the affidavits. However, appellees contend it is no longer in the case. They assert that all questions surrounding their right to cancel the contract, and whether they cancelled it, were necessarily determined in the forcible detainer action; and that the judgment in that action is res adjudicata of those questions and they may not now be relitigated. Dubose v. Curtin (Tex.Civ.App., 1960, writ ref., n. r. e.), 341 S.W.2d 188, and Baines v. Clinton Park Development Co. (Tex. Civ.App., 1949, no writ hist.), 224 S.W.2d 729, cited by appellees, would support their argument but for the fact that the Justice Court judgment upon which they rely does not award them any relief. Findings are made in the Justice Court judgment that the Becks are guilty of forcible detainer and that the Monsells are entitled to the premises in question; but, the decretal clause provides that it is "ordered, adjudged and decreed that Housing Authority of the City of Corsicana, Texas, have restitution, for which let Writ issue, for possession of the above described premises." The Housing Authority of the City of Corsicana, Texas, is otherwise a stranger to our record. The judgment does not support the issuance of a writ of restitution in favor of appellees. It is not res adjudicata of any issue between appellants and appellees. It does not foreclose a present inquiry into the question of whether appellants are in default on the contract of sale.

■ There is another reason why the summary judgment cannot stand. Forfeitures in connection with contracts for the

sale of real property are looked on with disfavor by the law. The right to claim a forfeiture for a purchaser's default may be lost or waived by the vendor. The right may be waived by agreement or by conduct on the part of the vendor in affirmance of the contract and indicating that he regards it as still subsisting, notwithstanding a default by the purchaser. 59 Tex.Jur.2d 99, 103, Secs. 553, 555, Vendor And Purchaser. "The remedy by rescission is not favored, and . . . slight circumstances, when they may be properly treated as indicative of a purpose upon the part of the vendor not to insist on that remedy, may be treated as a waiver of the right to rescind, unless its maintenance becomes necessary to enable the vendor to enforce the payment of the consideration for which he contracted to sell the land . . ." Moore v. Giesecke, 76 Tex. 543, 13 S.W. 290, 293 (1890).

Appellants' attorney filed an affidavit in opposition to appellees' motion for judgment in which he stated that on April 3, 1972, which was after the forfeiture alleged by appellees and after the Justice Court proceeding and after the filing of this law suit, the parties through their attorneys made an agreement whereby appellants would be allowed 120 days from that date to find a buyer for the property in question or acquire new financing and in either event pay the balance due on the contract and receive a warranty deed from appellees; that during that time the regular monthly payments were made and additional payments were made to bring the payments due under the contract current until April 15, 1972; that in June of 1972 appellants obtained a buyer for the property and sought a deed from appellees in exchange for full payment of the contract balance; and that appellees refused to honor the agreement and fired their attorney.

■ The affidavit of appellants' attorney is sufficient to raise a fact question as to whether or not appellees chose to waive any forfeiture they may have been entitled to claim or may have made. It is of no moment that appellants have not pleaded waiver. When the summary judgment record discloses facts which show that an amendment to the pleadings of the opposing party will render the position of the moving party untenable under the substantive law, it cannot be said that the movant has established his right to judgment as a matter of law, and summary judgment is improper. Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233, 237 (1957); Insurance Company of North America v. Cash (Tex.Sup., 1972), 475 S.W.2d 912, 913.

■ We are not impressed with appellants' argument that the judgment should be reversed because the record fails to show that appellees complied with the provisions of Article 1301b, Vernon's Texas Civil Statutes.[1] The record conclusively shows that the property is not now "used or to be used as the [appellants'] residence"; and, for this reason, article 1301b has no present application.

The judgment is reversed and this cause is remanded for trial.

1. Art. 1301b. Section 1. A forfeiture of the interest and the acceleration of the indebtedness of a purchaser in default under an executory contract for conveyance of real property used or to be used as the purchaser's residence may be enforced only after notice of seller's intentions to enforce the forfeiture and acceleration has been given to the purchaser and only after the expiration of the periods provided below. . .