**GLAU–MOYA PARAPSYCHOLOGY TRAIN-
ING INSTITUTE, INC., Appellant,**

v.

**ROYAL LIFE INSURANCE COMPANY,
Appellee.**

No. 15247.

Court of Civil Appeals of Texas,
San Antonio.

Feb. 13, 1974.

Rehearing Denied April 17, 1974.

Sims & Sims, Jack B. Sims, San Antonio, for appellant.

James L. Branton, Carter, Callender & Branton, San Antonio, for appellee.

KLINGEMAN, Justice.

Appellant, Glau-Moya Parapsychology Training Institute, Inc., appeals from a summary judgment rendered against it in the district court of Bexar County determining that a certain lease addendum under which appellant was claiming the right to possession of certain premises known as 4810 San Pedro Avenue, San Antonio, Texas, to be invalid, null and void. Appellee, Royal Life Insurance Company, urges that a previous judgment rendered in the County Court at Law Number One of Bexar County, Texas, in a forcible entry and detainer suit is res judicata of the matters involved in this appeal. Appellee urges that the subject matter and issues in these cases are the same; that the question in both cases was whether the tenant was holding under a valid lease and addendum thereto; and that the judgment of the county court is conclusive on this issue and is res judicata of the matters involved in the case here on appeal.

It is undisputed that the premises involved are described as 4810 San Pedro Avenue, and that such premises were

leased to appellant by written lease dated September 30, 1970, for a term of twelve months commencing October 15, 1970, and ending on October 14, 1971; and that such lessee had an option to extend for another twelve months, which was duly exercised.

Appellant contends that a valid addendum was entered into between the parties under which appellant was granted an option of extending said lease for a second, third and fourth year in periods of one year each. The validity of such addendum is contested by appellee.

The premises involved were the subject of a previous forcible entry and detainer suit being first litigated in Justice of the Peace Court, Precinct Number Three, in December, 1972, where judgment was entered in favor of appellee against appellant for possession of such premises. Thereafter, appellant appealed such judgment to the County Court at Law Number One of Bexar County. Appellee's forcible entry and detainer complaint in the county court sets forth the terms of the written lease and alleges that such lease is terminated; that it is entitled to immediate possession of the premises; that although the lease had terminated and had not been renewed, appellant had remained in possession thereof; that the required notice to vacate and quit the premises had been given appellant; that appellant is purportedly holding over by an alleged lease addendum, but that said addendum is invalid and of no force; and prays the court that it have judgment against appellant for possession of the premises in question. In answer thereto, appellant alleged that it is entitled to possession and was in possession by virtue of a lease addendum which authorized yearly extensions thereto; that such lease addendum is valid and effective; and that it is entitled to possession of the premises by virtue of such lease agreement and addendum thereto. On July 2, 1973, the county court entered judgment decreeing that appellee was entitled to immediate actual possession of the premises and that appellant was guilty of forcible detainer of such

premises. The issue of damages was severed.

Appellant attempted to perfect an appeal from the judgment of the county court and also filed a suit in the district court of Bexar County, seeking to restrain appellee from pursuing its forcible entry and detainer suit, alleging that by virtue of the addendum before referred to, it had a right to peaceful and uninterrupted possession of said premises. Appellee filed an answer and a cross-action alleging that the right to possession of the premises had been duly litigated, and also sought a declaratory judgment to declare the lease addendum null and void. Appellant responded thereto by answer alleging that the lease addendum is legal and valid and in full force and effect, and asked that the district court, by declaratory judgment, declare said lease addendum to be valid as a matter of law. Both parties filed motions for summary judgment. The district court denied appellant's motion and granted appellee's holding such addendum to be invalid, null and void.

Appellant filed an appeal of the county court's judgment to this Court, and appellee filed a motion to dismiss such appeal for want of jurisdiction. This Court, in Glau-Moya Parapsychology Training Institute, Inc. v. Royal Life Insurance Company, 500 S.W.2d 884, 885, (1973, no writ), granted appellee's motion to dismiss, and said appeal was dismissed by opinion dated October 10, 1973. No motion for rehearing was filed therein, and the judgment of the county court has now become final. Appellant contends, however, that the judgment in the county court only resolved the issue of possession; that the appeal now before us involves title matters and is in the nature of a title suit; that matters of title cannot be passed on in a forcible entry and detainer suit in a justice court or a county court; and that the judgment of the county court here involved could not be res judicata.

It is true that an action of forcible entry and detainer is one to determine

right of possession and not to adjudicate title of the land. The district court can adjudicate both title and possession in a proper suit. This concurrent jurisdiction of the district court as to the matter of possession has given rise to some conflict among the decisions, and this is particularly true where in the same case both title and possession are involved. We are of the opinion that neither the justice nor the county court, in the forcible entry and detainer suit, tried to determine title matters, and that the matter of title to the premises was not involved. A careful review of the pleadings shows that the real issue between the parties was the right to possession of the subject premises under a written lease and a purported lease addendum, appellee asserting that the lease had terminated and that it was entitled to possession, and appellant contending that it was rightly in possession of the premises by virtue of the extension of the written lease under a valid addendum thereto. This necessarily involved a construction and determination by the trial court of the validity of the addendum. In the case of a holding over under a lease as here involved, the court must necessarily make a determination of whether the lease is terminated. 25 Tex.Jur.2d, Forcible Entry and Detainer, Section 4; Beauchamp v. Runnels, 35 Tex.Civ.App. 212, 79 S.W. 1105 (1904, no writ).

In the case now before us, both appellee and appellant sought a declaratory judgment of the district court as to the validity of the lease addendum, appellant asserting that it was rightfully in possession of the premises under a lease addendum thereto and that the lease addendum was legal and valid and was of full force and effect, with appellee asserting that such lease addendum was invalid and void. In both the county court case and the district court case, the material issue was the validity of the lease and addendum thereto.

In our opinion, the case of Rankin v. Hooks, 81 S.W. 1005 (Tex.Civ.App.1904, no writ), is directly in point and is controlling. Hooks sued Rankin for damages following an alleged noncompliance with a lease contract. Rankin had leased a tract of land to Hooks for four years in consideration for work to be done on the tract by Hooks. Prior to the termination of the four years, Rankin obtained a forcible entry and detainer judgment against Hooks by virtue of which Hooks was ejected from the land. This judgment was upheld by the county court. In the district court suit, Hooks obtained judgment for $200, and Rankin appealed contending that the forcible entry and detainer judgment was res judicata on such suit. The appellate court reversed the district court, stating: "A material issue in the forcible entry and detainer suit was whether defendant therein . . . was entitled to the possession of the premises, and this involved the question whether he was holding possession thereof under a valid lease, entitling him to retain the possession. That issue was determined in that case against the plaintiff in this suit. It is not for us to say whether the same was or was not correctly decided. It was so determined by a court having jurisdiction over the parties and the subject-matter, and must be held conclusive on this issue." 81 S.W. at 1006.

See Young Women's Christian Association v. Hair, 165 S.W.2d 238 (Tex.Civ. App.—Austin 1942, writ ref'd w. o. m.), holding that in a landlord's forcible detainer suit against the tenant, the determination by the justice court and county court whether the lease had terminated, whether demand for possession had been made, and whether there is a holding over, relates solely to right of possession and is final, and the county court's final judgment thereon is res judicata thereof. See also, Slay v. Fugitt, 302 S.W.2d 698 (Tex.Civ. App.—Dallas 1957, writ ref'd n. r. e.).[1]

1. "And although the instant suit of appellees may be considered as in the nature of trespass to try title, the primary issue involved is their right to possession of the leasehold; and petitioners are really in no better position than was the tenant in Rankin v. Hooks, Tex.Civ. App., 81 S.W. 1005, 1006." 302 S.W.2d at 701.

 We are of the opinion that the county court's judgment in the forcible entry and detainer suit is conclusive of the matters and issues before the Court in the case here on appeal and is res judicata of them. A question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties sui juris is conclusively settled by the final judgment or decree therein so that it cannot be further litigated in a subsequent suit between the same parties.

The judgment of the trial court is affirmed.