

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 22, 1974

The Honorable Chet Brooks  
Chairman, Senate Committee  
on Human Resources  
Texas State Senate  
Austin, Texas 78711

Opinion No. H- 377

Re: Application and construc-
tion of Art. 5236c, V. T. C. S.,
concerning rights of landlords
and tenants.

Dear Senator Brooks:

You have requested our opinion on the following questions:

1. Are Sections 2 and 4 of Art. 5236c, V. T. C. S.,
applicable to short term or weekly tenancies?

2. What constitutes "abandonment of the premises"
as used in Art. 5236c, Sec. 2, V. T. C. S.

Article 5236c states in pertinent part:

1. It shall be unlawful under any circumstances
for a landlord or his agent to interrupt or cause
interruption of utilities paid for by the tenant directly
to the utility company.

2. It shall be unlawful for a landlord or his
agent to willfully exclude a tenant from the tenant's
premises in any manner except by judicial process.
Willful exclusion shall mean preventing the tenant
from entering into the premises with the intent to
deprive the tenant of such entry. Provided, however,
a landlord or his agent shall not be prevented from
removing the contents of the premises when the
tenant has abandoned the premises or from changing
door locks when the tenant's rentals are in fact
delinquent in whole or part. When such door lock
is changed under such circumstances, a written

> notice shall be left on the tenant's front door des-
> cribing where the new key may be obtained at any
> hour and describing the name of the individual who
> will provide the tenant with such key; and such key
> shall be provided regardless of whether the tenant
> pays any delinquent rentals.
>
> Sec. 4.  Upon violation of this Article by the
> landlord or his agent, the tenant may recover
> possession or terminate the rental agreement; and,
> in either case, the tenant may recover actual damages,
> plus one month's rent, plus reasonable attorneys fees,
> less any delinquent rentals or other sums for which
> the tenant is liable.

By its terms. Art. 5236c is applicable to landlord-tenant relationships. No mention is made of excepting from its application short term or weekly tenancies. Exceptions, exemptions, or limitations may not ordinarily be read into a statute, absent some inconsistency with material parts of the law which would render a literal interpretation thereof absurd, contradictory, or unjust.  53 TEX. JUR. 2d Statutes, Sec. 135 (1964); Spears v. City of San Antonio, 223 S. W. 166 (Tex. 1920).  Since no such inconsistency results in this case, the plain language of Art. 5236c must be interpreted to deal with all landlord-tenant relationships.  Such an interpretation is strengthened when it is noted that the legislature has seen fit to exclude short term tenancies from the operation of other statutes, e. g., Art. 3975a, V. T. C. S.

However, a short-term tenancy is to be distinguished from an innkeeper-lodger relationship, for the exclusive right to possession of the premises rests with a tenant, whereas an innkeeper maintains control over and the right to enter the premises.  Byrd v. Feilding, 238 S. W. 2d 614 (Tex. Civ. App.-- Amarillo 1951, no writ).  It is only the landlord-tenant relationship which is regulated by the statute.

Therefore, when a landlord-tenant relationship exists, Art. 5236c in part prohibits a landlord's willful exclusion of any tenant from that tenant's premises, and in the case of violation of the statute, provides for damages including one month's rent which may be recovered by any tenant so wronged, regardless of the duration of the tenancy.

In order to evict a tenant who is delinquent in rental payments, the landlord may proceed with a forcible entry and detainer action. Art. 3973 et seq., V. T. C. S. If the tenancy is from week to week or a lesser period, the demand for possession, which is necessary prior to the bringing of the action, may be made the day before the filing of the complaint. 25 TEX. JUR. 2d Forcible Entry and Detainer, Sec. 14 (1961), Beauchamp v. Runnels, 79 S. W. 1105 (Tex. Civ. App., 1904, no writ).

While Art. 5236c prohibits the willful exclusion of a tenant from his premises, except by judicial process, it also provides for the removal of the contents therein when the tenant has abandoned the premises. Whether there has been an abandonment is essentially a question of fact, the primary element of which is an intent to abandon, [Strauch v. Coastal States Crude Gathering Co., 424 S. W. 2d 677 (Tex. Civ. App. - - Corpus Christi. 1968, writ dism'd.)], that is, an intention not to return and re-occupy the property, Humble Oil and Refinery Co. v. Cook, 215 S. W. 2d 383 (Tex. Civ. App. - - Austin 1928, writ ref'd., n. r. e.). While non-use is not sufficient in itself to show abandonment, "if the failure to use is long continued and unexplained, it gives rise to an inference of intention to abandon." Anson v. Arnett, 250 S. W. 2d 450, 454 (Tex. Civ. App.-- Eastland, 1952, writ ref'd., n. r. e.) In addition, it would seem that default in rental payments in conjunction with non-use would constitute strong evidence of intent to abandon. Of course the second element of abandonment is an actual relinquishment of the premises. 1 TEX. JUR. 2d Abandonment, Sec. 2 (1959).

## S U M M A R Y

Article 5236c, V. T. C. S., is applicable to all tenancies regardless of their duration. Abandonment consists of an intent to abandon and actual relinquishment of possession.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:


LARRY F. YORK, First Assistant


DAVID M. KENDALL, Chairman
Opinion Committee