**Frederic J. WEBB, Appellant,**

v.

**Lori PERSYN, Appellee.**

**No. 04–93–00474–CV.**

Court of Appeals of Texas, San Antonio.

Nov. 30, 1993.

Michael H. Patterson, Douglas & Elms, Inc., San Antonio, for appellant.

Mario P. Bordini, Clark & Gamble, San Antonio, for appellee.

Before CHAPA, C.J., and PEEPLES and LOPEZ, JJ.

## OPINION

PEEPLES, Justice.

The district court has given a county court judgment complete res judicata effect in a subsequent case arising from the same incident. Pursuant to a statute that modifies the common law of res judicata in these circumstances, we hold that the court erred in applying res judicata to issues that could have been raised but were not raised in county court. We therefore reverse and remand.

The suit arose from an automobile collision between plaintiff Webb and defendant Persyn. Webb's insurer paid his property damage and then brought a county-court subrogation action in Webb's name against Persyn for the property damage. The county court rendered a default judgment against Persyn. Webb later sued Persyn in district court to recover for personal injuries. The district court sustained Persyn's res judicata plea and dismissed the case.

Under the common law of res judicata, unmodified by statute, Webb's injury claim might be barred. "Res judicata bars relitigation of claims that were brought or *could have been brought* in an earlier case involving the same parties (or their privies) and the same subject matter." *Soto v. Phillips*, 836 S.W.2d 266, 268 (Tex.App.—San Antonio 1992, writ denied) (emphasis in original); *see Gracia v. RC Cola–7–UP Bottling Co.*, 667 S.W.2d 517, 519 (Tex.1984); *Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex.1979); *Abbott Lab. v. Gravis*, 470 S.W.2d 639, 642 (Tex.1971); RESTATEMENT (SECOND) OF JUDGMENTS §§ 24, 25 (1982). The prohibition against splitting causes of action and trying them piecemeal is a species of res judicata. *Pierce v. Reynolds*, 160 Tex. 198, 329 S.W.2d 76, 78 (1959); RESTATEMENT (SECOND) OF JUDGMENTS §§ 24, 25 (1982). When the first case was a partial subrogation action, an important inquiry is whether the defendant in the first action was notified that he faced a subrogation action for property damage only and did not object

to the plaintiff's splitting the property and personal injury claims. RESTATEMENT (SECOND) OF JUDGMENTS § 37 comment *d*, illustrations 6 and 7 (1982). If the plaintiff chooses to litigate in a court of limited jurisdiction, he cannot later maintain suit in a court of general jurisdiction. RESTATEMENT (SECOND) OF JUDGMENTS § 24 comment *g*, illustration 14 (1982).

We need not apply these principles because the legislature has modified the common-law rules for cases in which the first court was a specified court of limited jurisdiction:

> A judgment or a determination of fact or law in a proceeding in a lower court is not res judicata and is not a basis for estoppel by judgment in a proceeding in a district court, except that a judgment rendered in a lower trial court is binding on the parties as to recovery or denial of recovery.

TEX.CIV.PRAC. & REM.CODE ANN. § 31.004(a) (Vernon 1986). A county court is a lower court within the statute. *Id.* § 31.004(c).

■ This statute modifies the common law so that res judicata bars only those claims that were actually litigated in the limited-jurisdiction court; under § 31.004 res judicata does not bar unlitigated claims simply because they could have been litigated in the lower court. *See McClendon v. State Farm Ins. Co.*, 796 S.W.2d 229, 232 (Tex.App.—El Paso 1990, writ denied). The plain purpose of the statute is to narrow the preclusive effect of judgments from courts of limited jurisdiction.

■ The county court judgment bars Webb from relitigating his property damage claim because it was actually litigated. That is the meaning of the statute's mandate that lower court judgments have preclusive effect "as to recovery or denial of recovery." If a litigant chooses to litigate one or more issues in county court, the judgment will bar further litigation of the claim for relief actually tried. *McClendon*, 796 S.W.2d at 232. But the judgment will not preclude Webb's injury claim or any other claims that could have been joined and tried but were not.

Persyn suggests that Webb's personal injury action should be barred because he

knew of the subrogation suit and did not intervene to assert his personal injury claim. But the statute contains no such requirement, and we are unwilling to interpret it to require the plaintiff to intervene in a subrogation case and litigate his injury claim in a court of limited jurisdiction. It makes no difference that Webb knew of the county court suit and chose not to intervene.

On remand the judgment will have no collateral estoppel effect; Persyn may relitigate fault even though the county court resolved that fact issue against him. Under § 31.-004(a), that "determination of fact ... is not a basis for estoppel by judgment ... except ... as to recovery or denial of recovery"—that is, except as to the property damage claim.

We reverse the order of dismissal and remand the cause for further proceedings in district court on Webb's personal injury claim.