

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-11-00849-CV

**AAA FREE MOVE MINISTORAGE, LLC**,
Appellant

v.

**OIS INVESTMENTS, INC.**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-01619
Honorable John D. Gabriel, Jr., Judge Presiding

### OPINION ON RECONSIDERATION EN BANC

Opinion by:      Luz Elena D. Chapa, Justice

Sitting en banc:   Catherine Stone, Chief Justice
　　　　　　　　　Karen Angelini, Justice
　　　　　　　　　Sandee Bryan Marion, Justice
　　　　　　　　　Marialyn Barnard, Justice
　　　　　　　　　Rebeca C. Martinez, Justice
　　　　　　　　　Patricia O. Alvarez, Justice
　　　　　　　　　Luz Elena D. Chapa, Justice

Delivered and Filed:  October 30, 2013

REVERSED AND REMANDED

　　　　This court previously granted appellee's motion for reconsideration en banc.  We now

withdraw the panel's November 21, 2012 opinion and judgment and issue this opinion and

judgment in their place.

This appeal arises out of a dispute about the terms of a lease. OIS Investments, Inc. ("OIS") sued its landlord, AAA Free Move Mini Storage, L.L.C. ("AAA"), seeking a declaratory judgment that AAA could not terminate the lease and that OIS was properly in possession of the premises. AAA filed a counterclaim for declaratory judgment and trespass to try title, and asserted various causes of action for damages arising out of OIS's continued possession of the premises. Both parties moved for summary judgment on the issue of the res judicata effect of a final judgment denying possession in a forcible entry and detainer action involving the same property. The district court granted summary judgment in favor of OIS and awarded it attorney's fees. AAA appeals the judgment. We hold the judgment in the forcible detainer action does not bar litigation of the claims asserted by AAA in the district court, and we reverse the trial court's judgment.

## BACKGROUND

In 1991, Official Inspection Station, Inc., which is now OIS Investments, Inc., entered into a ground lease agreement with a previous owner for premises at 7100 Bandera Road. The lease provided that it could be terminated under certain circumstances and provided for extensions. The parties subsequently entered into negotiations to extend the lease, but later disagreed about what the precise terms of the extension were.

In 2009, AAA bought the premises and sent OIS a six-month notice of termination of the lease pursuant to what AAA believed were the terms of the lease, as modified and extended. After receiving the notice, but before the six-month period expired, OIS filed this declaratory judgment action seeking declarations that AAA had no right to terminate the lease and OIS was properly in possession of the premises. AAA filed a declaratory judgment counterclaim seeking

a determination of whether the lease had been validly extended, and if so, a declaration of the parties' rights under the lease, including the conditions under which it could terminate the lease. In addition, AAA asserted causes of action for trespass to try title, breach of contract, quantum meruit, and tortious interference with existing and prospective business relations.

While this suit was pending in the district court, AAA filed a forcible detainer action in the justice court, asserting it had properly terminated the lease pursuant to its terms and was entitled to immediate possession. The justice court in the detainer action rendered a take nothing judgment in favor of OIS and awarded OIS its attorney's fees and expenses. The judgment was affirmed on appeal to the county court.

Following the judgment in the county court, OIS moved for summary judgment in this case on the ground that the final judgment in the detainer case was res judicata of the claims made in this cause because the same issue—validity of AAA's termination of the lease—was decided in the county court. OIS argued that the county court ruled in its favor because it necessarily found AAA could not terminate the lease. OIS argued the finding has "res judicata" effect in this litigation, bars a declaratory judgment action to construe the lease, and precludes AAA from arguing OIS breached the lease or tortiously interfered with its business relations by remaining on the premises. AAA filed a counter-motion for partial summary judgment, seeking a ruling that the judgment in the detainer case was not res judicata of its claims in this cause. The district court denied AAA's motion, granted final summary judgment in favor of OIS, expressly disposing of all parties and claims, and awarded attorney's fees to OIS. AAA appealed.

While this appeal has been pending, AAA filed another detainer action against OIS, alleging it was entitled to immediate possession because of nonpayment of rent. The justice court issued a writ of possession, and the county court rendered judgment for AAA after a trial

de novo on appeal. This court affirmed the county court's judgment on October 2, 2013. *OIS Inv. Inc. v. AAA Free Move Ministorage, LLC.*, No. 04-12-00775-CV, 2013 WL 5508407 (Tex. App.—San Antonio Oct. 2, 2013, no pet. h.) (mem. op.). This court's mandate has not yet issued.

## MOOTNESS

AAA filed a suggestion of mootness, arguing that the causes of action for declaratory judgment regarding the parties' rights under the lease have become moot in light of the judgment of eviction against OIS. AAA further asserted that the eviction effectively moots OIS's res judicata argument and AAA requested that we summarily reverse and remand for a trial on the merits of AAA's damages claims. We deny the motion. We agree the parties' claims for declaratory relief regarding their rights under the lease may become moot when OIS surrenders possession and no longer claims any rights under the lease or when this court's judgment in the detainer suit becomes final. However, a final judgment in the detainer action will not moot AAA's causes of action for damages or the necessity of our deciding the issue upon which OIS prevailed below—whether the county court's judgment in favor of OIS in the first detainer case bars those damage claims.

## APPLICABLE LAW

The doctrine of res judicata prevents relitigation of a claim or cause of action that has been finally adjudicated and all related matters that, with the use of diligence, should have been litigated in the prior suit. *State & Cnty. Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001); *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). Res judicata requires proof of the following elements: (1) a final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims

that were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

In this case, the first action was filed pursuant to Chapter 24 of the Texas Civil Practice and Remedies Code and former Texas Rule of Civil Procedure 738, et seq. (repealed 2013).[1] A forcible detainer suit is a special proceeding designed to provide a speedy, summary, and inexpensive determination of the right to immediate possession of real property. *Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (Tex. 1936); *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). A detainer action in justice court may assert only a claim for possession and a claim for rent within the justice court's jurisdiction. *See* TEX. R. CIV. P. 510.3(d). To facilitate the purpose of the detainer action, the only issue the justice court may adjudicate is the right to actual immediate possession of the premises. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785–86 (Tex. 2006); *Aspenwood Apt. Corp. v. Coinmach, Inc.*, 349 S.W.3d 621, 635 (Tex. App.—Houston [1st Dist.] 2011, pet. granted); *Black v. Washington Mut. Bank*, 318 S.W.3d 414, 416 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.); *Dormady*, 61 S.W.3d at 557; *see* TEX. R. CIV. P. 510.3(c). No other issues, controversies or rights of the parties related to the property, including title, can be adjudicated in a detainer suit. TEX. R. CIV. P. 510.3(e); *Puentes v. Fannie Mae*, 350 S.W.3d 732, 738–39 (Tex. App—El Paso 2011, pet. dism'd); *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 434 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Neither counterclaims nor the joinder of suits against third parties are permitted. TEX. R. CIV. P. 510.3(e). The county court's authority in an appeal of a detainer judgment from the justice court is similarly restricted. *Nguyen*, 229 S.W.3d at 435.

---

[1] The rules governing proceedings in justice courts, including detainer actions, were amended by the Texas Supreme Court, effective August 31, 2013. 76 Tex. B.J. 440. The former rules governing forcible entry and detainer (Rules 738–755) were repealed and replaced by Rule 510, Eviction Cases. *See* TEX. R. CIV. P. 510.1, *et seq.*

Because of the limited nature of a detainer action, the legislature has further provided that an eviction suit "does not bar a suit for trespass, damages, waste, rent, or mesne profits." TEX. PROP. CODE ANN. § 24.008 (West 2000). A forcible detainer action is cumulative of, not exclusive of, other remedies that a party may have. *Holcombe v. Lorino*, 79 S.W.2d 307, 309 (Tex. 1935); *Dormady*, 61 S.W.3d at 558.

### *Discussion*

AAA contends the trial court erred in granting OIS summary judgment on res judicata grounds because the detainer action adjudicated only the issue of immediate possession of the premises. AAA argues the court in the detainer action did not adjudicate the ultimate rights of the parties under the lease and that AAA could not have asserted its affirmative claims for relief in that action. OIS argues that res judicata bars all the claims in this suit because the county court specifically determined that AAA could not terminate the lease and that issue was finally determined for all purposes.

OIS relies primarily on this court's 1974 opinion in *Glau-Moya Parapsychology Training Inst., Inc. v. Royal Life Ins. Co.*, 507 S.W.2d 824 (Tex. Civ. App.—San Antonio 1974, no writ). In that case, Glau-Moya contended it was in possession of the leased premises pursuant to a valid addendum that extended the lease. *Id.* at 824. Royal successfully pursued a forcible entry and detainer action in the justice court. *Id.* at 825. On Glau-Moya's appeal to the county court, Royal argued the lease had terminated, Glau-Moya was holding over pursuant to an alleged lease addendum that was invalid, and that Royal was entitled to immediate possession. *Id.* The county court rendered judgment for Royal that it was entitled to actual immediate possession of the premises. *Id.* Glau-Moya then filed suit in district court, where both parties sought declaratory

judgments as to the validity of the lease addendum and whether the lease had terminated. The district court granted summary judgment in favor of Royal. *Id.*

On appeal, this court stated that even though the only issue adjudicated by the county court in the detainer action was the right to possession, "the real issue" was the rights of the parties under the lease and the validity of the addendum. *Id.* at 826. The court held that determining the right of immediate possession "necessarily involved a construction and determination by the trial court of the validity of the addendum" and making "a determination of whether the lease [was] terminated." *Id.* The court held that fact question was conclusively settled by the county court's final judgment and could not be further litigated in a subsequent suit between the same parties. *Id.* at 827. Relying on *Young Women's Christian Ass'n v. Hair*, 165 S.W.2d 238 (Tex. Civ. App.—Austin 1942, writ ref'd w.o.m.) and *Rankin v. Hooks*, 81 S.W. 1005 (Tex. Civ. App.—Dallas 1904, no writ) (holding judgment of possession in detainer suit was res judicata of subsequent suit in district court as to validity of lease), *overruled by Johnson v. Highland Hills Drive Apts.*, 552 S.W.2d 493 (Tex. Civ. App.—Dallas 1977), *writ ref'd n.r.e.*, 568 S.W.2d 661 (Tex. 1978) (per curiam), this court concluded that the judgment in the detainer suit was conclusive of the matters before the court. *Id.*

AAA contends the weight of authority is against the holding in *Glau Moya*, that it was wrongly decided, and that we should expressly overrule it. In support of its position, AAA relies primarily on the Dallas Court of Appeals's decision in *Johnson v. Highland Hills Drive Apts.*, 552 S.W.2d 493 (Tex. Civ. App.—Dallas 1977), *writ ref'd n.r.e.*, 568 S.W.2d 661 (Tex. 1978) (per curiam). Johnson sued Highland Hills Drive Apartments for wrongful eviction after it evicted her in a forcible detainer action. *Id.* at 494. The trial court granted summary judgment for Highland

Hills on the ground that the judgment in the detainer suit was res judicata of Johnson's wrongful eviction action. *Id.*

In ruling for Johnson, the Dallas court of appeals discussed both *Glau-Moya* and that court's earlier decision in *Rankin v. Hooks. Id.* at 494–95. The court noted that neither opinion referred to article 3994 of the Texas Revised Civil Statutes (now section 24.008 of the Texas Property Code). *Id.* The court construed former article 3994 as expressing a clear legislative intent that a judgment of possession in a forcible detainer action is no bar to subsequent litigation in the district court based on the same facts. *Id.* at 495. It found this construction to be consistent with the theory that a forcible detainer action is intended to determine only who is entitled to immediate possession of the premises and is cumulative of other remedies, rather than exclusive. *Id.* at 495; *see Holcombe*, 79 S.W.2d at 309. The court concluded its analysis by holding:

> [W]hen properly construed, article 3994 prevents any issue in the detainer action, other than immediate possession, from acting as an estoppel by judgment in a subsequent action in the district court with respect to a determination of the adverse parties' rights under a lease even though this determination may very well result in a different ultimate disposition of possession of the premises. . . . [T]he judgment of possession is . . . a final determination only with respect to the right of immediate possession. . . . [It] does not determine the ultimate rights of the parties with respect to any other issue in controversy regardless of whether this other issue results in a change of possession of the premises.

*Johnson*, 552 S.W.2d at 495–96. The court expressly rejected the holding in *Glau-Moya* as erroneous and expressly overruled its earlier decision in *Rankin*. *Id.* at 495.

We recognize that OIS has cited cases that support its position and the holding in *Glau-Moya*. *See Dubose v. Curtin*, 341 S.W.2d 188 (Tex. Civ. App.—Houston 1960, writ ref'd n.r.e.); *Baines v. Clinton Park Dev. Co.*, 224 S.W.2d 729 (Tex. Civ. App.—Galveston 1949, no writ); *Dyches v. Ellis*, 199 S.W.2d 694 (Tex. Civ. App.—Austin 1947, no writ); *Hair*, 165 S.W.2d 238. However, since the *Johnson* court rejected *Glau-Moya*, Texas courts have uniformly recognized

that because "a judgment of possession in a forcible detainer action is a determination only of the right to *immediate possession* and does not determine the *ultimate* rights of the parties to *any* other issue in controversy relating to the realty in question." *Nguyen*, 229 S.W.3d at 437; *see Aspenwood*, 349 S.W.3d at 637; *Black* 318 S.W.3d at 417; *Lopez v. Sulak*, 76 S.W.3d 597, 605 (Tex. App.— Corpus Christi 2002, no pet.). This court so recognized in *Valencia v. Garza*, 765 S.W.2d 893, 899 (Tex. App.—San Antonio 1989, no writ), where we held that because the final judgment in a forcible entry and detainer suit determined only the question of immediate possession and did not determine the ultimate rights of the parties to any other issue in controversy relating to the subject property, the take-nothing judgment in the detainer suit was not res judicata of the rights of the parties to possession in a subsequent district court action. It is also now settled that a judgment of possession in a forcible detainer action is not a final determination of whether the eviction was wrongful, *Marshall*, 198 S.W.3d at 787, and does not bar or estop a subsequent suit by the lessee for wrongful eviction. *Garcia v. Galvan*, Nos. 14-11-00338-CV—14-11-00350-CV, 2012 WL 1606312, at *4 (Tex. App.—Houston [14th Dist.] May 8, 2012, pet. dism'd w.o.j.) (mem. op.) (discussing cases).

Accordingly, the more recent cases recognize that because of the limited matter adjudicated in a forcible detainer action, a subsequent suit in district court may adjudicate matters relating to the property that could result in a different determination of possession from that rendered in the forcible detainer suit. *Aspenwood*, 349 S.W.3d at 637; *Nguyen*, 229 S.W.3d at 437. In *Aspenwood v. Coinmach*, a dispute arose about the status of a commercial lease after the property changed owners. A forcible detainer action resulted in a final judgment against Aspenwood, the owner of the property. 349 S.W.3d at 627. Aspenwood then filed suit in district court seeking a declaration that Coinmach had no leasehold interest and asserted causes of action

for trespass to try title, breach of contract, violations of the Deceptive Trade Practices Act, fraud, and tortious interference with contract and prospective business relations. *Id.* at 627–28. The court of appeals held that the justice and county courts in the detainer action were authorized to resolve only the question of immediate possession and the judgment therein was not a determination of Coinmach's ultimate rights, if any, under the lease. *Id.* at 637. The court concluded that the judgment in the detainer action therefore could not be res judicata of any of the issues or claims in the district court action. *Id.* at 638; *see also Lopez*, 76 S.W.3d at 606 (holding that judgment granting landlord possession in forcible detainer action is not res judicata of tenant's trespass to try title suit in district court claiming breach of contract, fraud, and tortious interference with business relations); *Buttery v. Bush*, 575 S.W.2d 144 (Tex. Civ. App.—Tyler 1979, writ ref'd, n.r.e.) (holding that judgment of eviction in justice court is not res judicata of subsequent declaratory judgment action regarding validity of lease and rights of parties under lease and renewal option).

OIS also argues that section 31.004 of the Texas Civil Practice and Remedies Code supports its argument that the judgment in the first detainer suit is res judicata of all the claims in the present action because the county court found AAA was not entitled to terminate the lease. That section, in its entirety, states:

> (a) A judgment or a determination of fact or law in a proceeding in a lower trial court is not res judicata and is not a basis for estoppel by judgment in a proceeding in a district court, except that a judgment rendered in a lower trial court is binding on the parties thereto as to recovery or denial of recovery.

> (b) This section does not apply to a judgment in probate, guardianship, mental health, or other matter in which a lower trial court has exclusive subject matter jurisdiction on a basis other than the amount in controversy.

(c) For the purposes of this section, a "lower trial court" is a small claims court, a justice of the peace court, a county court, or a statutory county court.

TEX. CIV. PRAC. & REM. CODE ANN. § 31.004 (West 2008).

We initially question whether this section has any application at all in determining the effect of a judgment in a forcible detainer action because of the exclusion in part (b) for judgments in matters "in which a lower trial court has exclusive subject matter jurisdiction on a basis other than the amount in controversy." *Id.* § 31.004(b). Because justice courts have exclusive jurisdiction over forcible detainer actions, it would appear that section 31.004 is inapplicable in its entirety and does not aid in our analysis of this case. *But see McCloud v. Knapp*, 507 S.W.2d 644, 647–48 (Tex. Civ. App.—Dallas 1974, no writ) (holding that article 2226a (predecessor to section 31.004) applies to judgment in forcible entry and detainer actions because justice court does not have exclusive jurisdiction to determine the right of possession of real property, declare parties' rights, or determine damage claims).

If, as OIS argues, section 31.004(a) applies to a judgment in a forcible detainer case, that statute supports the conclusion we reach today: that the judgment of the justice or county court in a detainer action is binding on the parties *only* with respect to the award or denial of immediate possession of the premises. *See id.* (holding that judgment for possession in detainer suit is not res judicata in tenant's suit for enforcement of oral contract for lifetime tenancy). In *Webb v. Persyn*, 866 S.W.2d 106 (Tex. App.—San Antonio 1993, no writ), this court construed and applied section 31.004(a). In that case, a county court rendered a default judgment against Persyn for property damage caused in an automobile accident. *Id.* at 107. Persyn argued that a subsequent suit filed in district court for personal injury damages was barred by res judicata. *Id.* at 107–08. This court held that the county court judgment was binding on the parties *only* as to the award of property damages. *Id.* The court held that the county court judgment did not bar or have any

other collateral estoppel effect on the personal injury suit. *Id.* The court specifically held that the first clause of section 31.004(a) meant that Persyn could relitigate the question of fault, even though the county court had resolved that fact issue against him. *Id.* at 108. Thus, to the extent that section 31.004 of the Civil Practice and Remedies Code applies to detainer judgments, the justice or county court's factual or legal determinations subsidiary to the award of possession or denial of possession have no collateral estoppel or res judicata effect in a subsequent district court action between the same parties.

We conclude that *Glau-Moya* was incorrectly decided and we overrule it. The holding in *Glau-Moya* is inconsistent with the purpose of detainer suits to provide a limited, speedy remedy, failed to recognize the limited nature of the issue adjudicated in such suits, and failed to give effect to the predecessor of section 24.008 of the Property Code. This court has never cited the opinion and it has not been followed by any other court. We agree with the reasoning of the court in *Johnson* and hold that no issue in a detainer action other than the right of immediate possession has preclusive effect in a subsequent suit between the parties. *See Johnson*, 552 S.W.2d at 495. The right of immediate possession is not an issue in this case. Rather, the issues in this case involve the validity and terms of the renewal and extension of the lease, the parties' ultimate rights under the lease, and the damages, if any, AAA suffered as a result of any wrongful possession by OIS. These issues are distinct from the right of immediate possession that was adjudicated by the county court. Accordingly, the judgment in the detainer action is not res judicata of any of the claims asserted in this cause, and we reverse the trial court's judgment that disposed of all the claims on res judicata grounds.

**ATTORNEY'S FEES**

Because we reverse the summary judgment in favor of OIS on both its and AAA's declaratory judgment claims and on AAA's breach of contract claim, we also reverse the award of attorney's fees to enable the trial court to reconsider the fees after it considers the claims on remand. *See Grohman-Kahlig v. Kahlig*, No. 04-07-00468-CV, 2008 WL 5377704 (Tex. App.—San Antonio Dec. 17, 2008, no pet.) (mem. op.) (op. on r'hg).[2]

**CONCLUSION**

We hold the trial court erred in granting summary judgment to OIS on its suit for declaratory judgment and on AAA's counterclaims for declaratory judgment, trespass to try title, breach of contract, quantum meruit, and tortious interference with contract or prospective business relations on the ground that the county court's judgment in the forcible detainer action was res judicata of the claims. The court also erred in awarding attorney's fees to OIS. We reverse the judgment and remand the entire case to the trial court for further proceedings consistent with this opinion. To the extent it is inconsistent with this opinion, we overrule *Glau-Moya Parapsychology Training Inst., Inc. v. Royal Life Ins. Co.*, 507 S.W.2d 824 (Tex. Civ. App.—San Antonio 1974, no writ). We deny the motion to dismiss the appeal for mootness. It is for the trial court on remand to determine whether any of the parties' claims have become moot by reason of the judgment in the second detainer suit.

Luz Elena D. Chapa, Justice

---

[2] AAA argued alternatively that we should reverse the fee award because OIS failed to expressly move for summary judgment on that ground. Because of our disposition of the rest of the appeal, we need not decide that issue.