ACCEPTED
05-17-01113-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
5/21/2018 2:35 PM
LISA MATZ
CLERK

CAUSE NO. 05-17-01113-CV

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS

5/21/2018 2:35:30 PM

LISA MATZ
Clerk

In the
COURT OF APPEALS
FIFTH DISTRICT OF TEXAS
DALLAS, TEXAS

DEANINE REED,

*Appellant,*

v.

JEREMY SIMMONS AND CECILIA SIMMONS,

*Appellees.*

Appealed from Cause No. CC-17-03554-B
In the County Court at Law No. 2 of Dallas County, Texas.
Honorable Judge Melissa Belan, Presiding

## APPELLEES' MOTION TO DISMISS PURSUANT TO TEXAS RULE OF APPELLATE PROCEDURE 42.3(a)

Comes now, Appellees JEREMY SIMMONS and CECILIA SIMMONS and, pursuant to Rule 42.3(a) of the TEXAS RULES OF APPELLATE PROCEDURE and move the Court to dismiss this appeal for lack of jurisdiction. In support of the same Appellees would respectfully show the Court as follows:

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................2

INDEX OF AUTHORITIES ...........................................................3

    I.    THE COURT'S SOLE JURISDICTION IN THIS
        CASE IS THE ISSUE OF POSSESSION ...........................................4

    II.   APPELLANT'S POINTS OF ERRORS DO NOT
        ADDRESS THE ISSUE OF POSSESSION ........................................5

    II.   PRAYER .................................................................8

CERTIFICATE OF SERVICE .......................................................9

# TABLE OF AUTHORITIES

## STATE CASES

*AAA Free Move Ministorage, LLC v. Ois Invs., Inc.,* 419 S.W.3d 522, 526 (Tex.App. – San Antonio 2013, pet. denied) ........................................................................4

*AIS Servs., LLC v. Mendez,* No. 05-07-01224-CV, 2009 Tex. App. LEXIS 6794 (App.—Dallas Aug. 27, 2009) .......................7

*Bd Of Adjustment of City of San Antonio v. Wende,* 92 S.W.3d 424, 427 (Tex.2002) ........................................................5

*Douglas v. Delp,* 987 S.W.2d 879, 882 (Tex. 1999) .......................4

*F.D.l C. v. Nueces Co.,* 886 S.W.2d 766, 767 (Tex. 1994) ..............5

*Heckman v. Williamson Co.,* 369 S.W.3d 137, 162 (Tex.2012)..........5

*In re Fort Worth Star Telegram,* 441 S.W.3d 847, (Tex.App.- Fort Worth 2014, orig. proceeding)........................................5

*Olley v. HVM, LLC,* 449 S.W.3d 572, 577 fn. 6 (Tex.App. – Houston [14th Dist.] 2014, pet. denied) ..................................4

*Tehuti v. Trans-Atlas Fin., Inc.,* No. 05-14-00126-CV, 2015 Tex. App. LEXIS 2407 at *3, 7 (Tex.App.- Dallas Mar. 12, 2015, pet. dism'd w.o.j)........................................4, 6

*Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440,443 (Tex.1993) ................................................................4

*Williams v. Lara,* 52 S.W.3d 171, 184 (Tex.2001)........................5

## STATE STATUTES

TEX. R. APP. P. 33.1(a) ..............................................................7

TEX. R. APP. P. 42.3(a) ..............................................................1

TEX. R. CIV. P. 510.11 ................................................................4

TEX. R. CIV. P. 510.3(e) ..............................................................4

## I. THE COURT'S SOLE JURISDICTION IN THIS APPEAL IS THE ISSUE OF POSSESSION

Appellant's appeal in this case is the appeal of a Judgment for Possession entered by the County Court in an appeal of a forcible detainer action. Accordingly, the sole issue before the Court is the issue of the right to possession of the property known as 6020 Overlook Drive, Dallas, Texas 75227 (the "Property"). *See* I. C.R. 84-85. In an action for forcible detainer, the only issue before the Court is that of possession, not title. *See* TEX. R. CIV. P. 510.3(e); 510.11. Specifically, all other claims, including questions of title, validity of a foreclosure, counterclaims, and suits against third parties are not permitted. *Tehuti v. Trans-Atlas Fin., Inc.,* No. 05-14-00126-CV, 2015 Tex. App. LEXIS 2407 at *3, 7 (Tex.App.- Dallas Mar. 12, 2015, pet. dism'd w.o.j).   Such restrictions also apply to appeals of the forcible detainer action pending in county courts. *Id.; see also Olley v. HVM, LLC,* 449 S.W.3d 572, 577 fn. 6 (Tex.App. – Houston [14th Dist.] 2014, pet. denied); *AAA Free Move Ministorage, LLC v. Ois Invs., Inc.,* 419 S.W.3d 522, 526 (Tex.App. – San Antonio 2013, pet. denied).

"Standing is a component of subject matter jurisdiction." *Douglas v. Delp,* 987 S.W.2d 879, 882 (Tex. 1999); *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440,443 (Tex.1993). "Without subject matter jurisdiction, courts may not address the merits of a case." *Id.* The mootness doctrine is another requirement of subject matter jurisdiction which requires that courts only decide cases where an

4

actual controversy exists. *F.D.I C. v. Nueces Co.,* 886 S.W.2d 766, 767 (Tex. 1994); *In re Fort Worth Star Telegram,* 441 S.W.3d 847, 851 (Tex.App.- Fort Worth 2014, orig. proceeding). "A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties - that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome" of the case. *Heckman v. Williamson Co.,* 369 S.W.3d 137, 162 (Tex.2012). Consequently, "a case becomes moot when the court's action on the merits cannot affect the parties' rights or interests." *Id.* "If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction." *Id.* Thus, "a controversy must exist between the parties at every stage of the controversy, including the appeal." *Bd Of Adjustment of City of San Antonio v. Wende,* 92 S.W.3d 424, 427 (Tex.2002) (citing *Williams v. Lara,* 52 S.W.3d 171, 184 (Tex.2001)).

Because the Appellant's points of error do not address the sole area over which this Court has subject matter jurisdiction, the issue of possession, the Court should dismiss this appeal for lack of jurisdiction.

## II. THE APPELLANT'S POINTS OF ERROR DO NOT ADDRESS THE ISSUE OF POSSESSION

None of Appellant's four points of error are directed to the issue of possession:

Appellant's Point of Error Number 1: Appellant alleges that the Court erred by failing to declare that Appellant held legal title to the Property. This point of error

has nothing to do with possession. Issues of Title cannot be raised in a forcible detainer appeal. *Tehuti*, 2015 Tex. App. LEXIS 2407 at *7.

Appellant's Point of Error Number 2: Appellant alleges that the Court erred by not transferring this eviction case to the Probate Court. Appellant failed to preserve this point of error for appeal. The record conclusively establishes that Appellant never obtained a ruling from the County Court regarding Appellant's motion to transfer to the Probate Court. Appellant set the matter for hearing on August 3, 2017 and made argument regarding Appellant's Motion to Transfer to the Probate Court. *See generally*, Volume II of the Reporter's Record which transcribes the hearing. At that hearing, the County Court, upon learning that Probate Court Number 3 would be hearing the same request for relief on August 29th, 2017, deferred any ruling and continued the hearing to be taken up on August 31, 2017, after the Probate Court had the opportunity to rule. *See* II. R.R. 17:10-18:5. *The Court explicitly deferred its ruling, it did not explicitly or implicitly deny the relief sought by Appellant. Id.* On August 31, 2017, Appellant did not raise the issue of transferring the matter to the Probate Court before trial. *See* generally, Volume III of the Reporter's Record which transcribes the trial.

Generally, to preserve error on appeal the record must show that (1) the complaint was made to the trial court (in this case, by Appellant's Motion; I. C.R. 65-70); and (2) that the Trial Court ruled on the motion either expressly or implicitly,

6

or refused to rule. TEX. R. APP. P. 33.1(a). Accordingly, any complaints regarding the County Court's failure to transfers the case to the Probate Court were waived. When an Appellant does not object to the lack of rulings on her motions, any error related to the pretrial motions are not preserved for review. *See AIS Servs., LLC v. Mendez*, No. 05-07-01224-CV, 2009 Tex. App. LEXIS 6794 (App.—Dallas Aug. 27, 2009) (released for publication on September 24, 2009: holding that a Court's failure to rule on a Motion for Default Judgment without an explicit or implicit ruling and no objection from the movant constitutes waiver). Moreover, the transfer of the case is addressed to title or ownership, which is not proper in this appeal. Accordingly, the Court should dismiss Appellant's appeal.

Appellant's Point of Error Number 3: Appellant alleges that Appellant is the common law spouse of decedent Linda Jean Whetstone and has legal rights to the Property. Appellant does not explain how the County Court erred in this regard but regardless, the allegation has nothing to do with the issue of possession, but instead would presumably become a question of title. As set forth above, the Court does not have jurisdiction in this appeal to resolve questions of title.

Appellant's Point of Error Number 4: Appellant alleges that the Trial Court erred by not declaring the Substitute Trustee's Deed conveying Title to the Property to Appellees as "void." Again, the County Court did not have jurisdiction to void and this Court does not have jurisdiction over issues of title to the property.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellees pray that the Court dismiss this appeal for lack of subject matter jurisdiction and award all such other and further relief to which Appellees may show themselves to be justly entitled.

Respectfully Submitted:

DARRELL W. COOK & ASSOCIATES
A PROFESSIONAL CORPORATION


/s/ Darrell W. Cook
DARRELL W. COOK
State Bar No. 00787279
dwcook@attorneycook.com
STEPHEN W. DAVIS
State Bar No. 24066792
stephen@attorneycook.com
6688 North Central Expressway, Suite 1000
Dallas, TX 75206
(214) 368-4686
(214) 593-5713 Facsimile

*Attorneys for Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served on the following counsel for Appellant on this the 18th day of May, 2018.

Charles J. Paternostro
1485 Elmridge Road
Denison, Texas 75020

/s/Stephen W. Davis
STEPHEN W. DAVIS