

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00124-CV

Billy **STONE** dba Stobil Enterprise and All Occupants,
Appellants

v.

## K CLARK PROPERTY MANAGEMENT LLC,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2020CV00366
Honorable J. Frank Davis, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
               Beth Watkins, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: May 6, 2020

MOTION TO DISMISS GRANTED; DISMISSED FOR WANT OF JURISDICTION

This is an appeal in a forcible detainer action in which the county court awarded possession of a premises to appellee K Clark Property Management LLC on February 7, 2020. After the Bexar County Sheriff's Office executed the writ of possession, K Clark filed a motion to dismiss this appeal for want of jurisdiction. Because it appeared appellants Billy Stone[1] dba Stobil Enterprise and all occupants no longer had possession of the premises, we issued an order requiring Stone to show cause why this appeal should not be dismissed as moot. Stone filed a timely

---

[1] It appears the correct name of the appellant is Billie Stone.

response. After reviewing the motion to dismiss and response, we conclude Stone's appeal is moot, grant K Clark's motion, and dismiss the appeal for want of jurisdiction.

## BACKGROUND

K Clark filed a forcible detainer action in a Bexar County Justice of the Peace Court seeking to evict Stone from a property it leased to him. The justice court entered a judgment of eviction awarding possession of the premises to K Clark and setting an appeal bond at $500. Stone posted the bond and appealed to the county court at law.

After a bench trial at which both parties appeared, the county court signed a judgment of eviction on February 7, 2020, awarding K Clark possession of the premises and granting it a writ of possession. On February 12, 2020, Stone filed: an "Affidavit of Inability to Afford Payment of Bond" stating he could not post a supersedeas bond from the county court's judgment; a motion for new trial alleging he was not properly served with notice of the trial setting; and an application for an emergency temporary restraining order and temporary injunction seeking to enjoin the execution of the writ of possession. That same day, the county court set a February 20, 2020 hearing on the motion for new trial and temporary restraining order. On February 20, 2020, the county court heard the matter and denied Stone's motion for new trial and request for an emergency temporary restraining order and temporary injunction. At no point did Stone request a hearing to set a supersedeas bond to stay the writ of possession.

On February 25, 2020, Stone filed a notice of appeal and emergency motion requesting that we stay the execution of the writ of possession pending appeal. After confirming with the county clerk that Stone did not file a supersedeas bond in an amount set by the county court, we denied Stone's request for a stay pursuant to section 24.007 of the Texas Property Code. On February 27, 2020, the Bexar County Sheriff's Department executed the writ of possession, evicting Stone.

After the sheriff executed the writ of possession, K Clark filed a motion to dismiss in this court. In its motion, K Clark argues that the only issue in a forcible detainer action is the right to actual possession, and because Stone no longer possesses the premises, the appeal is moot. We issued an order requiring Stone to show cause why this appeal should not be dismissed as moot. Stone filed a response alleging the county court judge committed a "judicial wrongdoing" by allowing the bench trial to proceed on February 7, 2020 even though he was not properly served with notice of that setting. Stone further asserts that "[d]uring the unfair trial hearing," the judge retaliated by denying his appeal and granting a writ of possession in favor of K Clark. Stone admits the sheriff executed the writ of possession on February 27, 2020 and states this appeal is not moot because this is "not an appeal of a writ of possession, but, rather an appeal of an eviction that was wrongfully executed against [him]." His county court pleadings do not contain a wrongful eviction cause of action.

## ANALYSIS

### *Applicable Law*

The only issue in a forcible detainer action is the right to actual possession of the property. *See* TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *see also* TEX. PROP. CODE ANN. §§ 24.001–.002. A judgment of possession in such an action determines only the right to immediate possession and is not a final determination of whether an eviction is wrongful. *Marshall*, 198 S.W.3d at 787. When an appellant fails to file a supersedeas bond in the amount set by the county court, the judgment may be enforced and a writ of possession may be executed, evicting the defendant from the property. *See* TEX. PROP. CODE ANN. § 24.007; TEX. R. CIV. P. 510.13; *Marshall*, 198 S.W.3d at 786. Failure to supersede the judgment does not automatically divest a defendant of his right to appeal. *Marshall*, 198 S.W.3d at 786–87. However, the Texas Supreme Court has held that if a defendant in a forcible

detainer action is no longer in possession of the premises, then an appeal from a forcible detainer action is moot unless the defendant asserts "a potentially meritorious claim of right to current, actual possession of the [premises]." *Id.* at 787.

*Application*

Stone admits the sheriff executed the writ of possession on February 27, 2020, but claims this is "not an appeal of a writ of possession but, rather an appeal of an eviction that was wrongfully executed against [him]." He argues that he was wrongfully evicted out of retaliation and therefore seeks to appeal the judgment of eviction. Stone's arguments lose sight of the fact that his appeal arises out of a forcible detainer action, an action that is intended to be a simple, speedy, and inexpensive way for a landlord to obtain immediate possession of property. *See id*. As pointed out above, the judgment in such an action is *not* a final determination as to whether the eviction is wrongful. *Id*. (emphasis added). It is a determination only of the right to immediate possession. *Id.* "No other issues, controversies or rights of the parties related to the property. . . can be adjudicated in a detainer suit." *AAA Free Move Ministorage, LLC v. OIS Invs., Inc.*, 419 S.W.3d 522, 526 (Tex. App.—San Antonio 2013, pet. denied). That judgment, however, does not bar a tenant from later filing a suit against the landlord for wrongful eviction.[2] *See Marshall*, 198 S.W.3d at 787; *AAA Free Move Ministorage, LLC*, 419 S.W.3d at 529.

To determine whether this appeal is moot, we must decide whether Stone has asserted "a potentially meritorious claim of right to current, actual possession of the [premises]." *See Marshall*, 198 S.W.3d at 786–87. Stone's assertions that he was wrongfully evicted are not arguments that would, if successful, entitle him to immediate possession. Because Stone is no

---

[2] Because the county court's February 7, 2020 judgment of eviction was not a final determination as to whether Stone's eviction was wrongful, his assertions that the eviction was wrong are not before us and may later be raised in a subsequent suit by Stone against K Clark for wrongful eviction. *See Marshall*, 198 S.W.3d at 787; *AAA Free Move Ministorage, LLC*, 419 S.W.3d at 529.

longer in possession of the property and because he does not assert a potentially meritorious claim of right to current, actual possession of the premises, we conclude Stone's appeal is moot. *See id*. We therefore grant K Clark's motion to dismiss and dismiss this appeal for want of jurisdiction. We also order no costs be assessed against Stone because they qualify as indigent.

PER CURIAM