

# Fourth Court of Appeals
## San Antonio, Texas

March 15, 2022

No. 04-20-00141-CV

Christopher **MANGO**, Kevin Warren Shannon, Marie Lopes, and All Occupants,
Appellants

v.

Jan **JARZABEK**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2020CV00731
Honorable David J. Rodriguez, Judge Presiding

# O R D E R

Sitting:      Rebeca C. Martinez, Chief Justice
              Luz Elena D. Chapa, Justice
              Beth Watkins, Justice

This appeal arises out of a forcible detainer action. Appellant Christopher Mango appeals the county court's judgment awarding possession of a premises to appellee Jan Jarzabek. The clerk's record reflects the county court signed the judgment awarding possession on February 24, 2020, and the county clerk issued a writ of possession seeking to enforce the judgment on February 27, 2020. Mango did not file a supersedeas bond, but instead on March 12, 2020, he filed a notice of appeal and a document entitled "Stop Eviction Writ of Possession Notice" in this court attempting to stay the judgment and execution of the writ of possession. We denied Mango's request for a stay pursuant to section 24.007 of the Texas Property Code. *See* TEX. PROP. CODE ANN. § 24.007(a) (prohibiting stay of county court judgment under any circumstances "unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court.").

On July 22, 2021, Mango filed his brief. There is nothing in Mango's brief containing clear and concise legal arguments with appropriate citations to legal authorities and the appellate record as required by Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. Jarzabek did not file a brief. On January 28, 2022, this court set the case for submission on briefs. Mango then filed a letter explaining under Rule 510.2 of the Texas Rules of Civil

Procedure, he had ninety days to vacate the subject premises and he complied with that timeframe. According to Mango, because he timely vacated the premises, the county court lacked subject matter jurisdiction because "there was no real controversy" and Jarzabek's action was "moot from the onset."

We have a duty to examine our own jurisdiction. *Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861, 865 (Tex. App.—Houston [14th Dist.] 2016, no pet.). The only issue in a forcible detainer action is the right to actual possession of the property. *See* TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). This is because the judgment of possession determines only the right to immediate possession and is not a final determination of whether an eviction is wrongful. *Marshall*, 198 S.W.3d at 787. As explained by this court, "[n]o other issues, controversies or rights of the parties related to the property . . . can be adjudicated in a detainer suit." *AAA Free Move Ministorage, LLC v. OIS Invs., Inc.*, 419 S.W.3d 522, 526 (Tex. App.—San Antonio 2013, pet. denied). If a former tenant has appealed but has not superseded the judgment and is no longer in possession of the property, the appeal is moot unless there is a basis for concluding the appeal is not futile. *Marshall*, 198 S.W.3d at 787. Appellate relief is not futile if the tenant holds and asserts "a potentially meritorious claim of right to current, actual possession of the [property]." *Id.*

Here, Mango did not file a supersedeas bond and states he timely vacated the premises. Accordingly, this appeal appears to be moot unless Mango can identify a basis for claiming a right to actual possession of the property. We therefore **order** Mango to file a response in this court **by March 30, 2022** explaining why this appeal should not be dismissed as moot. A failure to timely respond and show this court why this appeal is not moot will result in a dismissal of this appeal.

It is so **ORDERED** March 15, 2022.

**PER CURIAM**

ATTESTED TO: _____
MICHAEL A. CRUZ,
CLERK OF COURT