

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00141-CV

Christopher **MANGO**,
Appellant

v.

Jan **JARZABEK**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2020CV00731
Honorable David J. Rodriguez, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Luz Elena D. Chapa, Justice
               Beth Watkins, Justice

Delivered and Filed: April 20, 2022

VACATED AND DISMISSED

This is an appeal of a judgment in a forcible detainer suit in which the county court awarded

possession of a premises to appellee, Jan Jarzabek. We vacate the judgment of the trial court and

dismiss the case as moot.

## BACKGROUND

Jarzabek filed a forcible detainer action in a Bexar County Justice of the Peace Court

seeking to evict appellant Christopher Mango and other occupants from leased property they were

occupying. The justice court entered a judgment of eviction awarding possession of the premises

to Jarzabek. Mango appealed to the county court at law, and after a hearing at which Mango

appeared, the county court signed a judgment awarding possession of the premises to Jarzabek and granting a writ of possession. The county clerk then issued a writ of possession seeking to enforce the judgment.

Mango timely filed a notice of appeal and a document entitled "Stop Eviction Writ of Possession Notice" attempting to stay the judgment and execution of the writ of possession. Because Mango did not post a supersedeas bond, we denied Mango's request for a stay pursuant to section 24.007 of the Texas Property Code. *See* TEX. PROP. CODE ANN. § 24.007(a) (prohibiting stay of county court judgment under any circumstances "unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court."). Mango then filed a brief asking us to "issue an opinion exonerating [him and the other occupants] and furthermore clearing the record of eviction taken against them publicly." Jarzabek did not file a brief. The case was set for submission on briefs, and Mango filed a letter explaining he had ninety days to vacate the subject premises and he complied with that timeframe. According to Mango, because he timely vacated the premises, the county court lacked subject matter jurisdiction because "there was no real controversy" and Jarzabek's action was "moot from the onset."

## APPLICABLE LAW

We have a duty to examine our own jurisdiction. *Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861, 865 (Tex. App.—Houston [14th Dist.] 2016, no pet.). The only issue in a forcible detainer action is the right to actual possession of the property. *See* TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). This is because the judgment of possession determines only the right to immediate possession and is not a final determination of whether an eviction is wrongful. *Marshall*, 198 S.W.3d at 787. As explained by this court, "[n]o other issues, controversies or rights of the parties related to the property . . . can be adjudicated in a detainer suit." *AAA Free Move Ministorage, LLC v. OIS Invs., Inc.*, 419 S.W.3d 522, 526 (Tex.

App.—San Antonio 2013, pet. denied). If a former tenant has appealed but has not superseded the judgment and is no longer in possession of the property, the appeal is moot unless there is a basis for concluding the appeal is not futile. *Marshall*, 198 S.W.3d at 787. Appellate relief is not futile if the tenant holds and asserts "a potentially meritorious claim of right to *current, actual possession* of the [property]." *Id*. (emphasis added). When a tenant's lease has expired and he cannot identify a "basis for claiming a right to possession after that expiration, there is no longer a live controversy between the parties as to the right of current possession." *Retledge v. Santana*, No. 04-19-00343-CV, 2021 WL 2118370, at *1 (Tex. App.—San Antonio May 26, 2021, no pet.) (mem. op.).

## APPLICATION

Here, Mango did not post a supersedeas bond, and his letter indicates he vacated the property. Additionally, Mango's brief does not contain any arguments or reference to any evidence entitling him to current, actual possession of the property. The matter therefore appeared to be moot, and we ordered Mango to show cause why this appeal should not be dismissed as moot. *See Marshall*, 198 S.W.3d at 787. In lieu of a response, Mango filed a motion requesting to appear before us and did not provide any argument asserting a right to current, actual possession of the property. Accordingly, we conclude the case is moot as to the issue of possession. *See id*.; *Retledge*, 2021 WL 2118370, at *1 (holding case was moot after appellant failed to show right to current, actual possession of property).

## CONCLUSION

Based on the above, we vacate the trial court's judgment and dismiss case as moot.[1] We further dismiss all other pending motions as moot.

Luz Elena D. Chapa, Justice

---

[1]*See Marshall*, 198 S.W.3d at 788 ("One purpose of vacating the underlying judgment if a case becomes moot during appeal is to prevent prejudice to the rights of parties when appellate review of a judgment on its merits is precluded.").