

# Fourth Court of Appeals
## San Antonio, Texas

December 21, 2022

No. 04-22-00673-CV

Thelma **GARZA** et al,
Appellant

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY**,
Appellees

From the County Court at Law No. 15, Bexar County, Texas
Trial Court No. 2022CV01903
Honorable Melissa Vara, Judge Presiding

# O R D E R

This appeal arises out of a forcible detainer action. Appellant Robert Stricker appeals the county court's judgment awarding possession of a premises to appellee Deutsche Bank National Trust Company, as trustee for Morgan Stanley ABS Capital I Inc. Trust 2006 HE8 Mortgage Pass-Through Certificates, Series 2006-HE8. The clerk's record reflects the county court signed the order awarding possession on September 26, 2022, granting a writ of possession, but not including any monetary award. A writ of possession was issued October 4, 2022. On October 20, 2022, the county court denied a motion to stay the execution of the writ of possession. The record does not show that Appellant filed a supersedeas bond to suspend the judgment. A supplemental clerk's record shows the writ of possession was executed on November 28, 2022 and possession was delivered to appellee.

We have a duty to examine our own jurisdiction. *Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861,865 (Tex. App.—Houston [14th Dist.] 2016, no pet.). In general, we lack jurisdiction to decide moot appeals. *Briones v. Brazos Bend Villa Apts.*, 438 S.W.3d 808, 812 (Tex. App.— Houston [14th Dist.] 2014, no pet.). If a former tenant has appealed but has not superseded the judgment and is no longer in possession of the property, the appeal is moot unless there is a basis for concluding the appeal is not futile. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). This is because the judgment of possession determines only the right to immediate possession and is not a final determination of whether an eviction is wrongful. *Marshall*, 198 S.W.3d at 787. As explained by this court, "[n]o other issues, controversies or rights of the parties related to the property . . . can be adjudicated in a detainer suit." *AAA Free Move Ministorage, LLC v. OIS Invs., Inc.*, 419 S.W.3d 522, 526 (Tex. App.—San Antonio 2013,

pet. denied). With respect to the issue of possession, appellate relief is not futile if the tenant holds and asserts "a potentially meritorious claim of right to current, actual possession" of the property. *Id.* When the tenant's lease has expired and she identifies no basis for claiming a right to possession after that expiration, there is no longer a live controversy between the parties as to the right of current possession. *Id.* However, we may consider an appeal that is otherwise moot if the record establishes that vacating the underlying judgment will not cure adverse collateral consequences of the judgment. *Id.* at 788-89.

Here, Stricker did not file a supersedeas bond and he is no longer in possession of the premises. Accordingly, this appeal appears to be moot unless Stricker can identify a basis for claiming a right to actual possession of the property. We therefore **order** Robert Stricker to file a response in this court by **January 5, 2023** explaining why this appeal should not be dismissed as moot. A failure to timely respond and show this court why this appeal is not moot will result in a dismissal of this appeal.

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of December, 2022.

MICHAEL A. CRUZ, Clerk of Court