

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00794-CV

Frank **HERRERA**,
Appellant

v.

**INVERTERRA HOLDINGS, LLC**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2022CV05121
Honorable David J. Rodriguez, Judge Presiding

PER CURIAM

Sitting:     Beth Watkins, Justice
             Liza A. Rodriguez, Justice
             Lori I. Valenzuela, Justice

Delivered and Filed: March 1, 2023

DISMISSED FOR WANT OF JURISDICTION

This is an appeal in a forcible detainer action. Appellant Frank Herrera appeals the Bexar County Court at Law Number 10's November 18, 2022 judgment of possession in favor of appellee Inverterra Holdings, LLC. We conclude this appeal is moot and dismiss it for want of jurisdiction.

### BACKGROUND

On August 29, 2022, Inverterra filed a forcible detainer action in Bexar County justice court seeking to evict Herrera from a residential property in San Antonio. As support for its petition, Inverterra presented a December 13, 2021 order from a Bexar County probate court

finding that Herrera: (1) was not an heir of Eloisa M. Martinez, the former owner of the property at issue here; (2) had fraudulently filed a Small Estate Affidavit regarding Martinez's property; and (3) had fraudulently deeded the property at issue here to himself. Inverterra also presented an April 7, 2022 general warranty deed showing that it had purchased the property at issue here from Consuelo Bais Augero, the dependent administrator of Martinez's estate. On September 16, 2022, the justice court signed a judgment awarding possession of the property to Inverterra.

Herrera appealed the justice court's judgment to the county court at law and filed a Statement of Inability to Afford Payment of Court Costs or an Appeal Bond. On November 18, 2022, the county court at law signed a judgment awarding possession of the premises to Inverterra. Herrera timely appealed the county court at law's judgment to this court, and he filed an emergency motion to stay the eviction. On November 28, 2022, we denied Herrera's emergency motion to stay because he had not paid a supersedeas bond.

During a November 29, 2022 hearing in the county court at law, the court informed Herrera that if he wished to stay the execution of the judgment while this appeal was pending, he needed to file a motion requesting a supersedeas bond and request a hearing on that motion. The record does not indicate that Herrera did so. Instead, he filed a motion in this court asking us to reconsider our November 28, 2022 denial of his emergency motion to stay. On December 2, 2022, we denied Herrera's motion for reconsideration. The record does not indicate that Herrera ever requested or paid a supersedeas bond.

On December 2, 2022, the County Clerk of Bexar County issued a writ of possession, which a Bexar County sheriff's deputy executed on January 4, 2023. The deputy's return states that the execution placed an agent for Inverterra in possession of the property.

**ANALYSIS**

***Applicable Law***

The only issue in a forcible detainer action is the right to actual possession of the property. *See* TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *see also* TEX. PROP. CODE ANN. § 24.001–.002. A judgment of possession in such an action determines only the right to immediate possession and is not a final determination of whether an eviction is wrongful. *Marshall*, 198 S.W.3d at 787. When a forcible detainer defendant fails to file a supersedeas bond in the amount set by the county court at law, the judgment may be enforced and a writ of possession may be executed, evicting the defendant from the property. *See* TEX. PROP. CODE ANN. § 24.007; TEX. R. CIV. P. 510.13; *Marshall*, 198 S.W.3d at 786.

In an appeal to this court from a county court at law's judgment of eviction, a party's indigence does not relieve him of the obligation to file a supersedeas bond. *See* TEX. PROP. CODE § 24.007 ("A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court."); *Johnson v. Freo Tex. LLC*, No. 01-15-00398-CV, 2016 WL 2745265, at *2 (Tex. App.—Houston [1st Dist.] May 10, 2016, no pet.) (mem. op.). If the appellant fails to supersede the judgment and loses possession of the property, the appeal is moot unless he: (1) timely and clearly expressed his intent to appeal and (2) asserted "a potentially meritorious claim of right to current, actual possession of the [property]." *See Marshall*, 198 S.W.3d at 786–87.

***Application***

Here, the record appears to show that Herrera failed to supersede the judgment, the writ of possession was executed, and Inverterra took possession of the premises. As a result, we ordered

Herrera to file a written response explaining: (1) whether the writ of possession was executed; and (2) why this appeal should not be dismissed as moot.

In his response to our order, Herrera does not dispute that the writ of possession was executed. He appears to contend, however, that he had no obligation to ask the county court at law to set a bond. He argues that Inverterra should have "put a bond amount" in its proposed judgment and that the county court at law should have set a supersedeas bond regardless of whether Herrera requested one. Herrera cites no authority to support his assertion that he bore no responsibility to request a bond. And, more importantly, he does not contend he ever paid a bond. Because Herrera did not pay a supersedeas bond within ten days of the signing of the county court at law's judgment, the plain language of the Texas Property Code did not permit either the county court at law or this court to stay execution of the judgment "under any circumstances[.]" *See* TEX. PROP. CODE § 24.007.

Herrera's response also includes an affidavit in which he avers that he is Martinez's brother. We construe this as Herrera's attempt to show he has "a potentially meritorious claim of right to current, actual possession of the [property]." *See Marshall*, 198 S.W.3d at 786–87. But even if we accept Herrera's assertion that he is Martinez's brother as true, that fact standing alone would not show that he has a potentially meritorious claim of right to immediate possession of Martinez's former property. *See Stone v. K Clark Prop. Mgmt. LLC*, No. 04-20-00124-CV, 2020 WL 2139294, at *2 (Tex. App.—San Antonio May 6, 2020, no pet.) (mem. op.). This is because the affidavit does not state any facts showing that Martinez's surviving siblings, if any, would be entitled to inherit the property from her. *See, e.g.*, TEX. EST. CODE ANN. § 201.001(d), (e) (surviving siblings inherit from intestate decedent only if decedent is not survived by a spouse, children, children's descendants, or at least one parent). We note, moreover, that the record in this appeal shows the Bexar County probate court explicitly rejected Herrera's claim that he is one of

Martinez's heirs more than a year before he filed his notice of appeal in this case. Herrera cites no authority establishing that we may review the merits of the probate court's findings in this appeal, which arises from a separate proceeding in a different court. *See Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005) (noting that "[o]nly a void judgment may be collaterally attacked" in a separate proceeding); *see also AAA Free Move Ministorage, LLC v. OIS Invs., Inc.*, 419 S.W.3d 522, 526 (Tex. App.—San Antonio 2013, pet. denied) ("the right to actual immediate possession of the premises" is the only issue that "can be adjudicated in a detainer suit").

Because the writ of possession was executed and Herrera did not show that he has a potentially meritorious claim of right to actual possession of the property, we conclude Herrera's appeal is moot. *See Marshall*, 198 S.W.3d at 786–87; *Stone*, 2020 WL 2139294, at *2. We therefore dismiss this appeal for want of jurisdiction.

PER CURIAM